STATE v. SYLVANUS BEASLEY.

A defendant in a bastardy proceeding, who alleges that he has paid the mother of the child a certain sum, for which he exhibits her receipt, which receipt, it is contended and so charged by said mother, was obtained from her by fraud, is entitled to have the issue thus joined, tried by a jury; and it was error in the court below to refuse a trial by jury, when demanded by the defendant.

(*State* v. *Palin,* 63 N. C. Rep., 472, cited and approved.)

This was a PROCEEDING IN BASTARDY, heard before WATTS, J., at Spring Term, 1876, of JOHNSTON Superior Court.

The facts in the case are fully stated in the opinion of the Court.

There was judgment against the defendant, and thereupon he appealed.

*Attorney General Hargrove* and *J. E. Bledsoe,* for the State. No counsel for the defendant in this Court.

BYNUM, J. This was an action of bastardy, in which an order of affiliation was made, and the defendant gave a bond for the maintenance of the child, and filed a receipt signed by the plaintiff for $30 in satisfaction of an order in her favor, made by the Court for that amount. Afterwards, upon a suggestion that no money had been paid the plain-

tiff, and that the receipt was procured by fraud, a notice was served on the defendant to appear and show cause why execution should not issue for the amount, pursuant to Bat. Rev., chap. 9, sec. 6. The defendant appeared and gave evidence himself and introduced other testimony tending to show that the money had been paid, and that no fraud had been committed. The plaintiff was introduced in her own behalf, and also other testimony was given, going to show that no money had been paid and that the receipt was procured by fraud. Upon this issue the defendant demanded a jury trial, which was refused by the Court, who proceeded to find the fact adversely to the defendant, and committed him in custody until the amount due to the plaintiff was paid. The defendant appealed.

We think this was an issue of fact joined upon a material, if not the only fact arising in the case, and the defendant, on demand, was entitled to a jury trial, and for the refusal by the Court there must be a new trial.

In the *State* v. *Palin*, 63 N. C. Rep., 472, the Court said : " Is the duty of maintaining a bastard child, imposed upon the father by our statute, such a debt as is contemplated by the Constitution, Art. I, sec. 16, abolishing imprisonment for debt? We think not. It is a police regulation, the object of which is to compel the father of a bastard child to support his own offspring, and save the public from the burden of its maintenance."

The usual practice in such cases is for the Court to order the defendant to pay down a certain sum for the immediate support of the child, and to give bond to comply with the future orders of the Court and save the county harmless. Such was the probable course pursued here. If so, it was as competent to enforce the payment of the money order, as for the execution of the bond for future maintenance by the imprisonment of the defendant. Whether the father is released from personal coercion by giving the bond even, or

whether the police power of the Court does not as much extend to orders against the defendant for the support of the child, made after, as well as before, the execution of the bond, are questions which we do not now decide. The bond is an additional security for the benefit of the child, rather than an exemption and release of the defendant from personal obedience to the orders of the Court. These bonds are generally straw bonds. But suppose they are good when given, but soon become worthless; the purpose of the bastardy act would be defeated, if the defendant could thus escape. But these are but suggestions. There is error.

PER CURIAM.                                     *Venire de novo.*