HARRIET KEELER, Appellant, *v.* BURR KEELER, 2d, et al., Respondents.

The complaint herein contained simply the ordinary averments for the foreclosure of a mortgage upon land in fee. The answer of defendants C. & Y. alleged in substance that the mortgagors held as tenants under a perpetual lease, and the title of the lessor having become vested in said defendants, they brought ejectment for non-payment of rent, recovered judgments, and under writs of possession issued thereon, the mortgagors were dispossessed and possession was delivered to them, whereby plaintiff's mortgage was cut off. The averments as to title and recovery of judgments in the ejectment suits were proved on the trial, but the evidence showed that the execution of the writs of possession were merely formal, no actual change of possession taking place. It appeared, however, that before the pretended execution, K. and his wife, the mortgagors, without the knowledge of the mortgagee or her attorney, gave a written contract to defendant Y., who at that time had also acquired C.'s title, authorizing him to proceed in the ejectment suits and dispossess them under the

judgments therein, they waiving all appeals and stays of proceedings theretofore obtained. The day after the pretended dispossession, Y. conveyed the premises to K.'s wife, taking back a mortgage for the rents in arrear and the costs as taxed in the ejectment suits. Plaintiff claimed that the pretended execution of the writs of possession was collusive and fraudulent, being designed to wrongfully deprive plaintiff of the lien of her mortgage. The trial court decided that this question could not be considered as there was no averment of collusion or fraud in the complaint. *Held* error; that the plaintiff had the right to give the evidence and raise the question to avoid the new matter set up as a defense.

By the judgment the mortgaged premises were directed to be sold under plaintiff's mortgage, subject to the mortgage so given to Y. By re-taxation of costs in a number of similar ejectment suits, it appeared that the costs as taxed were largely in excess of what Y. was legally entitled to. An order was obtained for re-taxation in the case against K., but subsequently proceedings for re-taxation were stayed until leave of the court was first obtained, on the ground that the suits had been settled, but authorizing other persons interested as mortgagees or incumbrancers to move for a readjustment of costs, and by a stipulation of the parties to the ejectment suit, it was provided that the settlement should be without prejudice to the right of any person interested in the premises to have said costs readjusted. *Held*, that plaintiff was not concluded as to ejectment costs by the settlement between the parties; and that the judgment was erroneous; but that the costs could not be readjusted in this action; that the judgment should be for foreclosure and sale, subject only to the payment of back rents and legal costs, leaving plaintiff to avail herself of the right to have the costs re-taxed on motion.

*It seems* that had no such stipulation been made, the interest of the mortgagee would not have been affected by the consents and waivers on the part of the mortgagors; that she had the right to redeem on payment of back rent and legal costs.

(Argued November 30, 1885 · decided March 26, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made November 21, 1882, which affirmed a judgment entered upon a decision of the court on trial at Special Term.

The nature of the action and the material facts are stated in the opinion.

*Isaac H. Maynard* for appellant. This statute is in derogation of the common-law right of the lessee and must be strictly construed. (*Doe, ex dem. Hitchens*, v. *Lewis*, 1 Burr. 614,

619 ; *Hill* v. *Barclay*, 18 Ves. 60 ; Woodfall's Landl. and Ten. [7th ed.] 655, 656 ; *Elliot* v. *Cronk's Adm'rs*, 13 Wend. 39 ; *Hasbrouck* v. *Paddock*, 1 Barb. 635.) Until these judgments were entered in the "judgment book" there was no valid judgment. (*Schenectady and Saratoga Plankroad Co.* v. *Thatcher*, 6 How. 226, 227 ; *Stimsen* v. *Huggins*, 16 Barb. 658, 659 ; *Livingston* v. *Randal*, 59 id. 496 ; *Cotes* v. *Smith*, 29 How. 326 ; *Leavy* v. *Roberts*, 8 Abb. 310 ; *Mehl* v. *Vonderwulbeke*, 46 N. Y. 539 ; *Sheridan* v. *Lenden*, 81 id. 182 ; 3 R. S. [6th ed.] 619, §§ 11, 12.) The executions were a nullity as to the plaintiff, because they demanded the sheriff to return them to the court instead of to the clerk, and within nine days after they were issued instead of sixty as required by statute. (Old Code, § 290.) The issuing of the writ of possession upon the judgment of *Cruger* v. *Keeler* was entirely unauthorized. (Herman on Executions, 44 ; *Pemberton* v. *Searce*, Hardin, 3 ; Old Code, § 289, subd. 4.) The proof shows that the writ of possession was never actually executed. (Herman on Executions, 530, 531, 532, 533 ; *Whitbeck* v. *Van Rensselaer*, 64 N. Y. 27 ; *Browning* v. *Hanford*, 5 Denio, 586 ; *Baker* v. *McDuffie*, 23 Wend. 289 ; *Fitch* v. *Devlin*, 15 Barb. 47.) The plaintiff's time to redeem did not begin to run, because the costs in the ejectment suits were never finally adjusted. (Old Code, § 311 ; *Sherman* v. *Wells*, 14 How. 522, 526, 527 ; *Chapman* v. *Plymouth*, 42 Barb. 441 ; *Sherman* v. *Portley*, 45 id. 348 ; *Thurber* v. *Chambers*, 60 N. Y. 29.) Defendants are estopped from now insisting that there was a forfeiture of the lease under the judgments in ejectment against Keeler, by the order which Mr. Youmans procured to be entered September 26, 1873, in which cases of *Cruger and Youmans* v. *Keeler* were declared to be settled and the clerk prohibited from taxing costs in those cases. (*Dwight* v. *St. John*, 25 N. Y. 203 ; *Riggs* v. *Pursell*, 74 id. 370 ; *Bennett* v. *Couchman*, 48 Barb. 73.) Mr. Youmans, by his stipulation dated October 30, 1873, waived the forfeiture, if any had been incurred by his previous attempt at re-entry. (*Collins* v. *Hasbrouck*, 56 N. Y. 157 ; *Shearman* v. *Niagara Ins. Co.*, 46 id. 526 ; *Gallagher* v. *Nichols*, 60 id. 438 ; *Harris* v. *Troup*, 8 Paige, 422 ; Story's

Eq. Jur. [5th ed.], §§ 1314–1321; *Skinner* v. *Dayton*, 2 Johns. Ch. 526; *Livingston* v. *Tompkins*, 4 id. 431; *Spaulding* v. *Hollenbeck*, 39 Barb. 79; *Giles* v. *Austin*, 62 N. Y. 486; *S. C.*, 46 How. 269; 38 N. Y. Supr. [J. & S.] 215–235.) The issu ing and service of the writs of possession in the ejectment suits was a nullity as to this plaintiff, because at the time they were so issued and served the proceedings on the part of Cruger and Youmans in those cases were stayed by order of the court. (*White* v. *Klinken*, 16 Abb. 109; *Bagley* v. *Smith*, 2 Sandf. 651; *Starr* v. *Francis*, 22 Wend. 633.) Plaintiff could prove that the alleged re-entry was fraudulent and collusive, or any other facts which would avoid that defense. (Old Code, § 168; *Mandeville* v. *Reynolds*, 68 N. Y. 528; *Myer* v. *Lathrop*, 73 id. 315.) A fraudulent intent on the part of the Keelers in procuring the re-entry would be sufficient to avoid it, although Mr. Youmans was not privy to the fraud. (*Salomon* v. *Moral*, 53 How. 342; *Smart* y. *Harring*, 52 id. 505; *Hooker* v. *Mather*, 7 Cow. 301; *Hildreth* v. *Sands*, 2 Johns. Ch. 35; *S. C.*, 14 Johns. 493; *Pendleton* v. *Hughes*, 65 Barb. 136.)

*William Kenyon* for respondents. An issuable fact not alleged, though proved, cannot form the basis of a decree, the judgment must be *secundum allegata*. (*Field* v. *Mayor, etc.*, 6 N. Y. 179; *Wright* v. *Delafield*, 25 id. 266; *Arnold* v. *Angell*, 62 id. 509.) Payment or tender of rent in arrear, the costs and charges incurred by the lessor in these actions of ejectment, is a condition precedent to the right of his lessee or mortgagee to have the lease or the estate of the lessee redeemed from the effects of the judgment in ejectment and restored to the lessee or his mortgagee. (2 R. S. 506, § 34; *Whitbeck* v. *Van Rensselaer*, 2 Hun, 55; *S. C.* affirmed, 64 N. Y. 27; 18 Q. B. 806; Herman on Executions, 534.) The costs in the two actions of ejectment against Keeler having been taxed and re-taxed, on notice, in the manner provided by the statute, be come conclusive upon the defendant therein and those in privity with him, and cannot be attacked collaterally. (*Pitman* v. *Mayor*, etc., 3 Hun, 370; *Supervisors* v. *Briggs*, 2 Hill, 135; *S. C.*, 2 Denio, 26; *White* v. *Coatsworth*, 2 Seld. 137, 143; *Van*

*Schaick* v. *Winnie,* 8 How. 5 ; *Nellis* v. *Deforest,* 6 id. 413 ; *Hanna* v. *Dexter,* 15 Abb. 135 ; Wait's Ann. Code, 626, note *e;* 3 Wait's Sup. Ct. Pr. 558, 559 ; 11 How. 160 ; 1 id. 195.)

RAPALLO, J. This action was brought in August, 1872, for the foreclosure of a mortgage. The complaint alleged that the defendant, Burr Keeler 2d, together with his wife, Jane Keeler, on the 1st of March, 1861, mortgaged to Patience Keeler a farm of fifty acres of land in Delaware county, to secure an indebtedness of $900, with interest. That Patience Keeler assigned this mortgage in December, 1861, to the plaintiff in this action; that default had been made in the payment of the principal and interest of the mortgage; and the plaintiff demanded as relief a foreclosure and sale of the mortgaged premises. The complaint contained only the ordinary averments of a complaint for the foreclosure of a mortgage upon land in fee; it did not specify the title of the mortgagors, nor refer to any lease or any proceedings in ejectment, or contain any special matter whatever. The defendants Eliza Cruger and Wm. Youmans, Jr., were made parties on the allegation that they had or claimed some interest as judgment creditors of the mortgagor, which interest accrued subsequently to the mortgage.

The answer set out the title of the mortgagor, and averred, among other things, that he held under a perpetual lease from John Kortright, reserving rent, and that the title of the lessor to the rents having become vested in Eliza Cruger and Wm. Youmans, Jr., they proceeded by ejectment for non-payment of rent, and recovered judgments for possession and costs against the mortgagor (who was the tenant) in February and March, 1871; that on the 22d of August, 1872, they issued writs of possession on said judgments, and that on the same day the sheriff of Delaware county dispossessed the mortgagor and delivered possession of the mortgaged premises to the plaintiffs on the judgments, and claimed that the plaintiff's mortgage was cut off by those proceedings.

On the trial the defendants proved the title of the mortgagor to be that of a lessee in fee, the recoveries by Cruger and Youmans against him in ejectment for non-payment of rent, and the issuing of writs of possession to the sheriff. The proceedings claimed to be an execution of the writ were substantially similar to those in *Newell* v. *Whigham et al.*, just decided,* with the additional circumstance that on the 10th of August, 1871, before the pretended execution of the writ of possession, Burr Keeler and his wife, the mortgagors, without the knowledge of the mortgagee or her attorney, gave a written consent to the defendant Youmans, authorizing him to proceed in the ejectment suits, and dispossess them under the judgments therein, they waiving all appeals and stays of proceedings theretofore obtained by Gilbert & Maynard, as never authorized. Wm. Youmans, Jr., had at that time acquired the title of Eliza Cruger, and on the 23d of February, 1872, the day after the pretended dispossession of the mortgagors, he conveyed the premises in question to Jane Keeler, one of the mortgagors, and took back a mortgage for $1,422 for the purchase-money, which mortgage he now claims, and the court below has adjudged to be a lien on the premises, prior to the plaintiff's mortgage.

The plaintiff insisted, on the trial, that the writ of possession was never executed so as to cut off the plaintiff's right to redeem, under her mortgage; that she still had the right to redeem, and further that the pretended execution of the writ of possession was fraudulent and collusive and designed to wrongfully deprive the plaintiff of the lien of her mortgage.

The finding of the judge in respect to the execution of the writ of possession was similar to that in the *Newell Case*, and the reasons given for the reversal of the judgment in that case are also applicable to this. The further point is here presented, more clearly than in either of the other cases, that the trial judge erred in his ruling that the question whether the execution of the writs of possession was fraudulent and collusive and done for the purpose of cutting off the title of the plaintiff, could not be considered, for the reason that there was no

* *Ante,* p. 20.

allegation in the complaint to that effect. This we think was error. The complaint was purely and simply for the foreclosure of the mortgage. All the allegations with respect to the proceedings in ejectment came from the defendants, and the plaintiff had the right to give evidence on the trial, for the purpose of avoiding the new matter set up as a defense, of any facts which might have been pleaded by way of reply when that pleading was in use. (*Mandeville* v. *Reynolds*, 68 N. Y. 528; *Meyer* v. *Lathrop*, 73 id. 315.)

By the judgment appealed from the mortgaged premises were directed to be sold under the plaintiff's mortgage, subject to the mortgage given by Jane Keeler to the defendant Youmans for $1,422, on the 23d of February, 1872. The amount secured by this mortgage included the costs for which judgment was entered in the ejectment suits, amounting to $1,084.94, besides interest from 1871. By the re-taxation of the costs in the large number of the Kortright suits of the class to which the cases against Burr Keeler belonged, it was ascertained that the costs legally incurred in these actions amounted only to about $220.49. Whatever costs Mr. Youmans is entitled to in those actions would have to be paid by the plaintiff in this action, to redeem her interest as mortgagee of the leasehold estate, and the amount thus payable is consequently a matter of much importance to the parties in this controversy and was strenuously litigated in this action. It appears from the findings that an order was obtained for the re-taxation of the costs in the numerous ejectment suits, and that in the mass of them they were reduced as above stated, but that afterward on the 12th of September, 1873, an order was obtained in the case against Keeler, and some others of the cases known as the Kortright cases, staying the proceedings for re-taxation on the ground that the cases had been settled, and directing that the clerk should not readjust the costs in those cases without leave of the court being first obtained, and, it appearing to the court that in some of the cases which had been settled, the defendants on the record, with whom the settlements had been made, were *not the real or the sole* parties in

interest, but that other parties were interested as mortgagees or incumbrancers, the order further provided that in such cases motions might be made, on notice, for a readjustment of the costs by the clerk.

At the time that order was made the present action was pending. A stipulation was afterward entered into on the part of the plaintiffs and defendants in the ejectment suits, called the Kortright cases, including the action against Keeler, which was signed by Mr. Youmans and by Gilbert and Maynard, then the attorneys for the plaintiff in this action, for the re-taxation of the costs in the Kortright cases in conformity with the opinion of BALCOM, J., excepting those cases actually settled and ended. But that stipulation contained a provision that it should not prejudice or affect the right of any person interested in the premises in controversy in any of the cases that were settled and ended, to make a motion or institute any other proceeding or action as they might be advised, to have said costs re-taxed and readjusted.

The right of Harriet Keeler, the plaintiff, as mortgagee of the premises in question, to move for a re-taxation of the costs, notwithstanding the settlement made between the landlord and the mortgagor, was thus preserved by the stipulation of the parties. But even in the absence of such a stipulation it is difficult to see on what principle the interest of the mortgagee should be bound by the consents and waivers given by the mortgagor, and why it would not be a fraud upon the rights of the mortgagee to enforce them against her. She had the legal right to redeem on payment of the back rent and the costs legally incurred. It was demonstrated by a re-taxation that the judgments had been entered for an amount largely in excess of the costs legally incurred, in fact nearly five times the legal amount, and although it was competent for Burr Keeler, the mortgagor, to waive objection to these costs on making his settlement with Youmans, whereby he was to acquire the fee, the dealings between those parties should not be allowed to affect the rights of the mortgagee, whose mortgage was duly recorded, and who has done no act in affirmance of the judg-

ments for costs. The amount of those costs cannot, however, be adjusted in this action. It is brought simply for the foreclosure of the mortgage. No writ of possession having been executed, the purchaser under the mortgage will acquire the leasehold title, subject only to the payment of the amount due for back rents and the legal costs. If the plaintiff desires to avail herself of the right to have the costs re-taxed, she should make her motion for that purpose, to which motion we see no answer other than the delay which has intervened. That delay may well be attributed to the pendency of this action, and to the fact that after the judgment was rendered herein, which sustained the validity of the execution of the writ of possession, a re-taxation would have been of no avail to the plaintiff so long as that judgment remained in force. These matters will doubtless be taken into consideration by the court to whom the application for a re-taxation may be made in pursuance of the stipulation, and we will not anticipate its decision.

On a new trial a proper judgment can be rendered for the foreclosure of the plaintiff's mortgage and a sale of the mortgaged premises, subject only to the prior lien to the extent of the back rent due on the lease, and the costs legally incurred in the ejectment suits, and against these the claim of the plaintiff to allowances for use and occupation may be determined upon the facts which may be established on such new trial.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.