BABCOCK et al. v. CLARK.

(Supreme Court, Appellate Division, Fourth Department.    March 8, 1904.)

1. EJECTMENT—DEFENDANT'S DEED FROM PLAINTIFF'S ANCESTOR—IMPEACH-
    MENT—ADMISSIBILITY.
        In ejectment plaintiffs alleged that their ancestor was the owner of
    certain premises; that she died intestate, leaving plaintiffs as her heirs;
    and the defendant unlawfully took possession of the premises, and re-
    fused to surrender the same, etc.    Defendant's answer denied plaintiffs'
    right to possession, and set up a deed from the ancestor.    Held that, as
    the answer was not a counterclaim under Code Civ. Proc. § 514, providing
    that where the answer contains a counterclaim the plaintiff, if he does
    not demur, may reply with a denial and new matter, etc., so as to require
    a reply, plaintiffs, without further pleading, could impeach the deed as
    obtained by fraud and undue influence, and because of the mental in-
    capacity of their ancestor.

2. SAME—RIGHT TO ATTACK DEED.
        Where an action of ejectment is defended by setting up a deed from
    plaintiff's ancestor, plaintiff may impeach the deed as obtained by fraud or
    undue influence, or because of the ancestor's mental incapacity, without
    resorting to equity.

Appeal from Trial Term, Jefferson County.

Ejectment by Lamont M. Babcock and others against Samuel J.
Clark.    From a judgment for defendant entered on dismissing the
complaint, plaintiffs appealed.    Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
HISCOCK, and STOVER, JJ.

George S. McCartin, for appellants.
William A. Nims, for respondent.

McLENNAN, P. J. It was alleged in the complaint that one Martha Tisdale died at the city of Watertown, N. Y., on the 27th day of December, 1901; that at and before her death she was the owner in fee of the real property in question; that she died intestate, leaving, her surviving, the plaintiffs, among others, her heirs at law, and that as such they became and were the owners in fee and entitled to the immediate possession of their respective shares in said real estate; that the defendant unlawfully entered into and continued in possession of the premises, without right or title thereto, and refused to surrender possession of the same after demand duly made. The defendant, by his answer, denied the plaintiffs' right to possession, admitted his own possession, and alleged that he was the owner of the real estate in question, and entitled to its occupancy, under and by virtue of a deed of conveyance executed and delivered by Martha Tisdale, plaintiffs' intestate, to him, on the 17th day of December, 1901—10 days before her death. The plaintiffs proved the title and possession of Martha Tisdale prior to her death; that she died intestate; that they were some of her heirs at law; that the defendant was in possession of the premises, refused to surrender the same after demand duly made; and plaintiffs then rested. The defendant then introduced in evidence the conveyance from Martha Tisdale; proved, in effect, that such conveyance was executed and delivered by her to him, and that he went into possession under the same; and then rested. The plaintiffs then offered to show that the execution and delivery of such deed by Martha Tisdale was procured by the defendant through fraud and undue influence, that it was executed by her when non compos mentis, and for those reasons was absolutely void. The learned trial court permitted some evidence to be given upon those issues, but finally held and determined that such evidence was incompetent in this action for the purpose of impeaching the validity of defendant's title, and then directed a verdict in favor of the defendant. The court, in effect, decided that in an action of ejectment, where the defendant produces a deed concededly executed by a plaintiff, or by one through whom he claims title, which, upon its face, conveys the premises in dispute, and which, upon its face, is properly executed, it is not competent for the plaintiff to show that it is void because procured through fraud, by undue influence, or by reason of the fact that the alleged grantor was mentally incapable of making or executing such instrument. The correctness of such ruling is presented by this appeal.

We think for the purposes of this action we should assume that the plaintiffs stand in precisely the same position as if the action had been brought by Martha Tisdale, their intestate, had she been living. As was said in Hill v. Hill, 4 Barb. 419: "And where a party is estopped by deed, all persons claiming under or through him are equally bound by the estoppel." Jackson v. Parkhurst, 9 Wend. 209. Neither do we think the state of the pleadings was such as to pre-

clude the plaintiffs from showing that the deed relied upon by the defendant was void, in case such proof was competent in an action of this character. The plaintiffs were not called upon to allege the existence of a deed of the premises which the defendant claims to have, when they are in the attitude of saying the defendant has no deed. The allegation of the defendant that he has a valid conveyance of the property, executed and delivered by the plaintiffs' intestate, in no sense constitutes a counterclaim; and therefore section 514 of the Code of Civil Procedure did not require the plaintiff to serve a reply. It may be the defendant could have compelled such reply under section 516 of the Code, but the plaintiffs were not bound to anticipate, when they commenced their action, that a deed alleged by them to be void would be set up as a defense to their cause of action. The failure of the plaintiffs to allege in their complaint, or by way of reply, the alleged fraudulent or void character of the conveyance under which the defendant claims title, would not alone prevent a recovery. Sullivan v. Traders' Insurance Co., 169 N. Y. 213, 62 N. E. 146; O'Meara v. Brooklyn City R. R. Co., 16 App. Div. 204, 44 N. Y. Supp. 721; Wilcox v. American Telephone & Telegraph Co., 176 N. Y. 115, 68 N. E. 153; Official Series, No. 148.

We then come to the important question in this case, namely, whether or not a plaintiff in an action purely and simply in ejectment may prove that a deed executed and delivered by him, and under which the defendant claims title, was obtained by fraud, and therefore void. We think the authorities sustain the appellants' contention in this regard, and that the learned trial court committed error in refusing to receive evidence tending to show that the deed under which the defendant claims was obtained by him from Martha Tisdale, plaintiffs' intestate, by fraud and undue influence, and that she, said intestate, at the time of the execution and delivery of such conveyance, was non compos mentis, and in refusing to submit such question to the jury. The decision in Van Deusen v. Sweet, 51 N. Y. 378, would seems to be decisive. The headnote is as follows:

"A deed executed by one non compos mentis is absolutely void; and where a defendant in an action to recover the possession of real property claims under such a deed the fact of the incapacity of the grantor may be shown by plaintiff to defeat such claim, although no fraud is alleged, and such incapacity had not been legally or judicially determined at the time of or prior to the execution of the deed. Plaintiff is not obliged to resort to an equity action to set aside the deed. It seems it is also competent in such action to show that a deed is voidable to defeat a claim thereunder."

The most recent decision upon the question, to which our attention has been called, is that in the case of Wilcox v. American Telephone & Telegraph Co., supra. In that case, which was an action in ejectment to recover lands in the highway occupied by defendant's poles, the plaintiff proved title to the locus in quo, entry thereon by the defendant, and the erection of its poles. The defendant then put in evidence an instrument under seal, executed by the plaintiff, whereby the plaintiff, in consideration of $1, granted to the defendant the right to construct, operate, and maintain its line over and along the plaintiff's property. The plaintiff admitted his signature

to this instrument, but testified that he was induced to sign the same by an agent of the defendant, who told him that he had trimmed one of the plaintiff's trees, and wished to pay him for it, and that the paper which he signed was simply a receipt for $1; that he (the plaintiff) did not read the paper; that he had not his spectacles with him, and relied solely upon the statement of defendant's agent as to the contents of the instrument. Upon that evidence the trial court directed a nonsuit, and the judgment entered thereon was affirmed by this court, Mr. Justice Spring writing a dissenting opinion. The decision of this court was reversed by the Court of Appeals. It was held that the plaintiff was correct in his practice in not alleging in his complaint the fraudulent character of the instrument under which the defendant claimed, and in not serving a reply to the answer of the defendant in which such instrument was alleged as a defense. It was further said:

"He [the plaintiff] was not obliged to appeal to a court of equity for relief against the deed, but when it was set up to defeat his claim he could avoid its effect by proof of the fraud by which it was obtained. Kirchner v. New Home Sewing Machine Co., 135 N. Y. 182 [31 N. E. 1104]. Nor was he obliged to return the dollar paid to him on its execution. The plaintiff does not attempt to rescind a contract as induced by fraud. The charge by him relates, not to the contract, but to the instrument which purports to represent the contract. In such a case the return of the consideration is unnecessary."

In that case, as in this, the plaintiff insisted that the deed under which the defendant claimed was absolutely void by reason of the fraud which induced it. He did not seek to reform such instrument and turn it into a receipt for $1, which he claimed was the real transaction between him and the defendant, but he gave proof tending to show that the defendant had no deed, because of the fraud practiced in obtaining the paper, and therefore had no title to the premises; and such proof, as we have seen, the Court of Appeals held was proper to be given in a case of ejectment for the purpose of defeating the defendant's alleged title. Upon principle we fail to see how the case at bar can be distinguished from the Wilcox Case. Here the plaintiffs do not seek the reformation of the deed executed and delivered to the defendant by their intestate, but they take the position that the instrument under which he claims title is absolutely void, because, when executed and delivered to him, the grantor was non compos mentis, and because the same was procured through fraud and undue influence.

The learned counsel for the respondent calls attention to the case of Hall v. La France Fire Engine Co., 158 N. Y. 570, 53 N. E. 513, and insists that decision is decisive of this case. In that case the plaintiff had executed a deed which upon its face conveyed the fee of the premises to the defendant, and the defendant put in evidence such deed as a defense to the plaintiff's alleged action in ejectment. The plaintiff then sought to prove, while admitting the execution of the deed, and that he intended to convey an interest in the premises thereby, that such interest was not correctly expressed in the instrument; that he did not intend to convey all his interest, but only to insure to the defendant the continued use of certain streets that

had been laid out upon the premises in question. In other words, in that case, in an action in ejectment, the plaintiff sought to have the deed which he had given reformed; and it was held that such issue could not be tried or such relief granted in an action in ejectment, but must be tried in a court of equity. At all events, it seems to us that the Wilcox Case, supra, is decisive of the case at bar. It follows that the judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide event, upon questions of law only, the facts having been examined, and no error found therein. All concur.