### LOUIS GAMBLE v. LUCIAN KELLY STUTTS.

(Filed 12 June 1964.)

**1. Compromise and Settlement—**

> Where each motorist claims that the collision was caused solely by the negligence of the other, a payment by one in compromise and settlement precludes either from thereafter maintaining an action against the other, but if payment is made by a third person who acts without authority from claimant, such payment does not bar claimant unless subsequently ratified by him.

**2. Same—**

> A payment by insurer in settlement of the claim of one motorist against insured motorist, solely for the purpose of terminating the liability of insurer and reserving the insured motorist's rights, does not preclude the insured motorist from thereafter maintaining an action against the other. G.S. 20-279.21(f) (3).

**3. Pleadings § 10—**

> New matter alleged in the answer, provided it does not amount to a counterclaim, is deemed controverted without the necessity of a reply, G.S. 1-159, and therefore plaintiff may offer evidence avoiding a plea in bar to set up in the answer without the necessity of alleging the facts by way of reply.

**4. Appeal and Error § 47;   Pleadings § 34—**

> If a party is entitled to introduce evidence in support of matter alleged in his pleading, it is error for the court to strike such matter, but if the party is entitled under his general or statutory denial to introduce evidence in regard to the facts alleged without the necessity of alleging them, the striking of the allegations is not prejudicial.

CERTIORARI, on plaintiff's motion, to review an order of *Walker, S. J.*, entered at the October 1963 Session of JOHNSTON, striking plaintiff's reply to an affirmative defense asserted by defendant.

This action was begun May 11, 1961. Plaintiff is a non-resident. Defendant is a resident of Johnston County. Plaintiff seeks to recover for personal injuries and property damage sustained in a collision between an automobile owned and operated by him, and an automobile owned and operated by defendant. The collision occurred on U. S. 301 in Johnston County on May 30, 1958.

Plaintiff bases his right to recover on his allegation that the collision was caused by defendant's negligence in operating his vehicle on the wrong side of the road and at an unlawful rate of speed.

Defendant denied plaintiff's allegations of negligence. As additional defenses, he pleaded (a) contributory negligence, and (b) a payment of $1,500 made in October 1960 by or for plaintiff Gamble to Stutts in settlement and compromise of all claims growing out of the collision.

Plaintiff replied to the plea of settlement. He denied any payment was made or authorized by him. He admitted his liability insurance carrier had paid Stutts $1,500, for which Stutts released all claims he had against plaintiff and his liability insurance carrier. He alleged the payment so made was merely the price his insurance carrier paid to buy its peace, it being expressly agreed by all parties that the payment would not in any manner impair Gamble's right to require Stutts to answer for the damages resulting from Stutts' negligence.

Defendant moved to strike those sections of the reply stating plaintiff's version of the facts relating to the asserted settlement.

The motion was allowed. We granted *certiorari.*

*Nance, Barrington, Collier & Singleton for plaintiff appellant.*
*Albert A. Corbett for defendant appellee.*

RODMAN, J.  As an affirmative defense to Gamble's action, defendant alleges these facts: Stutts, in July 1958, instituted an action in the Superior Court of Johnston County to recover from Gamble $10,-500 for personal injuries and property damage sustained by him be-

cause of Gamble's negligence which caused the collision of May 30, 1958. That action was, on Gamble's motion, based on diversity of citizenship, moved to the U. S. District Court for trial. Gamble denied the collision was caused by his negligence. He asserted a counterclaim in the amount of $26,500 for personal injuries and property damage resulting from Stutts' negligence. After the pleadings were filed, the District Court ordered a pretrial conference. The parties were represented at that conference by the attorneys who had signed the pleadings. The case was set for trial in the District Court in Raleigh on October 24, 1960, "when and where plaintiff, Stutts, and defendant, Louis Gamble, were present in court with their counsel; that just before entering into trial of said cause, the defendant, Louis Gamble, through his counsel agreed to pay, and soon thereafter, paid or caused to be paid to Lucian Kelly Stutts, the sum of $1500.00 in settlement of plaintiff's claim for injuries and property damages, and further agreed that his counterclaim be dismissed; that defendant, Gamble, obtained from the plaintiff, Lucian Kelly Stutts, a general release releasing the defendant, Louis Gamble and Selected Risk Insurance Company, from further claims by said plaintiff Stutts, arising out of the collision referred to herein, as appears from a copy of said release attached hereto as defendant Stutts' EXHIBIT H.

"That the plaintiff, Louis Gamble, was present in the courtroom in Raleigh, N. C. at the time of said settlement, acquiesced in and had full knowledge of said settlement, as set forth above, and the dismissal by the court of his counterclaim for alleged injuries and property damages."

Attached to the answer, to support the plea of settlement, are copies of the release executed by Stutts, the pleadings and orders made in the action brought by Stutts against Gamble.

Gamble, in reply to the plea of settlement, alleged: The action instituted by Stutts was removed to the Federal court by the attorney for his insurance carrier. "[P]laintiff (then defendant) Louis Gamble was represented by Attorney Hillard Chapnick. Patterson, New Jersey, and Louis Gamble's liability insurance company, Selected Risks Insurance Company, was represented by Attorney Joseph C. Moore." Gamble and his attorney, Chapnick, "recognized the right of Selected Risks Insurance Company pursuant to the terms of the liability policy to settle any claims against Gamble, but specifically instructed Attorney Joseph C. Moore, in event of such settlement, that it be effectuated in such a manner that Louis Gamble's counterclaim or right to institute an independent action be not adversely affected." Stutts' attorney "was aware at all times of Louis Gamble's intent to pursue his claim against Stutts."

Recognizing the limitation on Mr. Moore's authority to act, the parties, when the settlement was made, stipulated: "It is hereby stipulated by all parties hereto, through their respective counsel, that an order may be entered by the Court, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, that the complaint of plaintiff and counterclaim of defendant be dismissed."

Stutts, in support of his motion to strike plaintiff's reply, asserts, "said allegations are irrelevant, redundant, immaterial and improper." The court assigned no reason for allowing the motion to strike plaintiff's reply.

This is a typical case where each operator of a motor vehicle places the entire blame for a collision and resulting damages on the other. In such a case, a payment by one to the other in compromise and settlement puts an end to the controversy. Neither can thereafter recover from the other. *Keith v. Glenn, post,* 284; *Snyder v. Oil Company,* 235 N.C. 119, 68 S.E. 2d 805. It follows, therefore, that defendant's plea of settlement, if established, effectively bars plaintiff's cause of action; but a payment made by a third person who acts without authority from claimant does not bar him unless subsequently ratified. *Bradford v. Kelly,* 260 N.C. 382, 132 S.E. 2d 886; *Lampley v. Bell,* 250 N.C. 713, 110 S.E. 2d 316; *Beauchamp v. Clark,* 250 N.C. 132, 108 S.E. 2d 535.

Here, plaintiff denies any settlement made or ratified by him. He admits his insurance carrier, acting through its counsel, made a payment to Stutts, but he says that payment was made for the sole purpose of terminating the liability of the insurance company, a right which it could exercise without consulting him. G.S. 20-279.21(f)(3); *Bradford v. Kelly, supra; Daniel v. Adorno,* 107 A. 2d 700; *Perry v. Faulkner,* 102 A. 2d 908; *Wm. H. Heinemann Cream. v. Milwaukee Auto Ins. Co.,* 71 N.W. 2d 395, Aff'd 72 N.W. 2d 102; *Eller v. Blackwelder,* 130 S.E. 2d 426. He alleges the action in the Federal court was dismissed pursuant to Federal Rule 41(a), expressly preserving his right to assert his claim against Stutts.

Plaintiff cannot be deprived of the right to show facts necessary to determine whether he is bound by the payment made to Stutts, and because he has the right to show what the facts are, he had the right to allege those facts.

The court erred in allowing defendant's motion to strike. Notwithstanding that conclusion, it does not follow that we should reverse Judge Walker's order. That would be true only if the error were prejudicial. *Pratt v. Bishop,* 257 N.C. 486, 126 S.E. 2d 597; *In Re Will of Harrington,* 252 N.C. 105, 113 S.E. 2d 21.

It is provided by statute, G.S. 1-159: New matter in an answer, if not a counterclaim, is "deemed controverted by the adverse party as upon a direct denial or avoidance, as the case requires." Under this statutory provision, plaintiff is permitted to offer evidence avoiding the plea in bar without the necessity of alleging the facts by way of reply. *Creech v. Creech,* 256 N.C. 356, 123 S.E. 2d 793; *Nebel v. Nebel,* 241 N.C. 491, 85 S.E. 2d 876; *Williams v. Thompson,* 227 N.C. 166, 41 S.E. 2d 359; *Trust Company v. Dunlop,* 214 N.C. 196, 198 S.E. 645; *Simon v. Masters,* 192 N.C. 731, 135 S.E. 861; *Oldham v. Rieger,* 145 N.C. 254, 58 S.E. 1091; *Askew v. Koonce,* 118 N.C. 526, 24 S.E. 218.

Because plaintiff is not prejudiced by the erroneous ruling, the judgment is

Affirmed.