G. T. WESCOTT, PETITIONER v. STATE HIGHWAY COMMISSION, RESPONDENT.

(Filed 30 September, 1964.)

**1. Eminent Domain § 7a—**

By its express provisions G.S. 136-108 does not apply to a proceeding for compensation for the taking of property for a highway instituted prior to July 1, 1960, but such proceeding is governed by G.S. 136-19, making the statutes relating to eminent domain applicable as near as may be. G.S. 40-16.

**2. Pleadings § 10—**

New matter alleged in the answer is deemed controverted without the necessity of a reply, G.S. 1-159, and therefore where the State Highway Commission in a proceeding for compensation alleges that petitioner had conveyed to the Commission the right of way in question, petitioner is entitled to attack the conveyance of the right of way for fraud without filing a reply.

**3. Cancellation and Rescission of Instruments § 2—**

Where the Highway Commission introduces evidence of a conveyance of a right of way as shown by a map, testimony of petitioner that he did not understand maps, that he signed the instrument in reliance upon the representation that it affected certain of his lands but did not affect another parcel of land owned by him upon which he operated a parking lot, and that he would not have signed the right of way agreement if he had known the right of way adversely affected his parking lot, is sufficient to raise an issue of fraud for the determination of a jury.

**4. Trial § 18—**

Questions of law are for the determination of the court and only issues of fact must be submitted to a jury.

**5. Same;   Constitutional Law § 24;   Jury § 5—**

Where the evidence raises issues of fact in respect to the title to property, a party asserting ownership is entitled to a trial of the issues by a jury. Constitution of North Carolina, Art. I, § 19.

**6. Eminent Domain § 7a—**

Where in proceedings for compensation for the taking of land the respondent relies upon a conveyance by petitioner of the right of way in question, but petitioner offers evidence that the conveyance of the right of way was procured by fraudulent misrepresentation, the proceeding is, in effect, converted from a condemnation proceeding into an action in ejectment or trespass to try title, and petitioner is entitled to a jury trial upon the issue of title.

**7. Pleadings § 10—**

Petitioner's motion to be allowed to file a reply may be allowed on appeal to facilitate formulation of the issues to be submitted to a jury.

**8. Eminent Domain § 7a—**

Petition to recover damages to the remainder of petitioner's land resulting from large quantities of sand "negligently and carelessly" deposited or blown thereon as the result of the construction of the highway, is insufficient to present the question of petitioner's right to recover compensation, it not appearing whether respondent with its own force constructed the highway, whether the sand drifted on petitioner's property because of the negligent manner in which the work was done or as a result of the manner in which the work was necessarily done, or whether petitioner seeks damages for a tortious act or compensation for a taking.

APPEAL by plaintiff from *Cowper, J.*, January 1964 Session of DARE. This is a proceeding for compensation for (1) the taking of a portion of petitioner's property known as the Casino; and (2) damage to the remainder of that property by large quantities of sand "negligently and carelessly" deposited or blown thereon as a result of the construction of State Highway No. 158, the Virginia Dare Trail. The area taken in constructing the road is alleged to measure 150 feet by 350 feet. Construction of the highway was completed about September 22, 1959. This action was begun March 1, 1960.

Respondent admitted the construction of a highway from a point "near Wright Memorial Bridge to Whalebone Intersection," Project 1223. It denied it had taken any of petitioner's property. As an additional defense, it asserted it owned, by agreement with petitioner dated November 2, 1956, the land on which the road was constructed. It attached to its answer a copy of the right of way agreement. The agree-

ment purported to convey to respondent "a right of way 150' in width, as measured 75' on each side of the center line of said survey and parallel thereto, over and across such properties as we may own on the above project and hereby release the Commission from all claims for damage by reason of the said right of way across the land of the undersigned, and of the past and future use thereof by the Commission * * * The above project to be constructed on [a line designated by letters] * * * as shown in red on map showing location survey between Wright Memorial Bridge and Whalebone Intersection, dated March 12, 1956. The construction to be in accordance with plans for said project to be prepared in the office of the State Highway and Public Works Commission, Raleigh, North Carolina."

Petitioner did not reply to the affirmative defense alleged in the answer. The clerk appointed commissioners. The commissioners fixed the amount of compensation due petitioner. Respondent excepted to the report of the commissioners. The clerk confirmed the report. Respondent excepted and appealed.

When the cause was called for trial in the Superior Court, respondent "moved the court to hear without a jury its motion to dismiss the action on its plea in bar." It cited in support of its motion G.S. 136-108, Cumulative Supplement 1963.

The court, in the absence of the jury and over the objection of petitioner, heard evidence from petitioner and respondent relating to the execution of the right of way agreement.

The court found petitioner executed the agreement on which respondent relied. It made no finding with respect to the asserted mistake or fraudulent representation, on which petitioner sought to avoid the agreement. Based on its findings, the court concluded the right of way agreement was a complete bar to petitioner's right to compensation, and dismissed the action.

Petitioner, having excepted to the court's refusal to submit appropriate issues to the jury and to the judgment, appealed.

*Frank B. Aycock, Jr. and Worth & Horner for appellant.*

*Attorney General Bruton, Assistant Attorney General Lewis, Henry T. Rosser, Aydlett & White for appellee.*

RODMAN, J.  G.S. 136-108, on which respondent relies to defeat petitioner's asserted right of jury trial, has no application to the question presented for decision. That section is a part of Art. 9, c. 136 of the General Statutes. It was enacted in 1959, c. 1025, S. L. 1959. By express provision of the enacting statute, sections 3 and 4, it applies only

to proceedings begun subsequent to July 1, 1960. *Barnes v. Highway Commission,* 257 N.C. 507, 126 S.E. 2d 732.

This proceeding, begun March 1, 1960, is governed by the provisions of G.S. 136-19, as it read on the date summons issued. The controlling procedural statutes are, by G.S. 136-19, contained in the chapter on Eminent Domain. The statute here applicable is G.S. 40-16, which provides in part: "The Court shall hear the proofs and allegations of the parties and if no sufficient cause is shown against granting the prayer of the petitioner, it shall make an order for the appointment of three disinterested and competent freeholders who reside in the county where the premises are to be appraised * * *." The language of the statute necessitates an examination of the pleadings, including statutory pleas, to ascertain what issues of fact and what questions of fact are presented.

Petitioner alleged these facts: He owns a tract of land known as the Casino; respondent has taken a portion of this property for the construction of a highway; petitioner, because of the taking, is entitled to compensation. These allegations, if true, entitled petitioner to compensation for the property taken. N. C. Constitution, Art. I, sec. 17.

The answer admitted the construction of the highway over petitioner's Casino property. It denied petitioner was entitled to compensation because he had by writing, copy of which is annexed to the answer, granted respondent the right to construct and maintain the road.

The defense asserted, if established, was a complete bar to petitioner's claim for compensation. The right to build the highway across petitioner's land pursuant to the right of way agreement was new matter and, as such, was deemed controverted by the petitioner "as upon a direct denial or avoidance, as the case requires," G.S. 1-159.

There is lack of uniformity in the laws of the several states with respect to replies. Those states which have code provisions similar to ours hold that it is not necessary to plead, by reply, fraud or mistake to avoid a contract set up in the answer as a bar to plaintiff's claim. *Metropolitan Life Ins. Co. v. Hale,* 171 S.E. 306 (Ga.); *Harmon v. Givens,* 77 S.E. 2d 223 (Ga.); *Galphin v. Pioneer Life Ins. Co.,* 154 S.E. 855 (S.C.); *McDowell v. Southern Ry. Co.,* 102 S.E. 639 (S.C.); *Watson v. Poore,* 115 P. 2d 478 (Cal.); 71 C.J.S. 377-379.

Our statute was patterned on sec. 243 of the New York Civil Practice Act. The courts of New York have consistently held that fraud, to avoid a release set up in the answer to defeat a cause of action, need not be pleaded. *Babcock v. Clark,* 93 App. Div. 119, 86 N.Y.S. 976; *Keeler v. Keeler,* 102 N.Y. 30, 6 N.E. 678; *Lynch v. Figge,* 192 N.Y.S.

873; *Davis Confectionery Co. v. Rochester G. Ins. Co.,* 126 N.Y.S. 723; *Meyer v. Lathrop,* 73 N.Y. 315.

Petitioner, unless required by court order, G.S. 1-141, could, without written pleading, show facts which made the writing on which respondent relied a nullity. *Gamble v. Stutts,* 262 N.C. 276, 136 S.E. 2d 688; *Oldham v. Rieger,* 145 N.C. 254, 58 S.E. 1091; *Fishblate v. Fidelity Co.,* 140 N.C. 589, 53 S.E. 354; 1 McIntosh, N. C. Practice and Procedure, 705-6.

Petitioner, in the absence of the jury, testified: "I do not understand maps. I have never had any experience in surveying or engineering. At the time I signed this EXHIBIT 'B' I did not see any map showing any red location of survey between Wright Memorial Bridge and Whalebone intersection * * * I told him [the person who acted for the Highway Commission in getting the agreement signed] I had some land in front of the Carolinian I would be glad for him to come through but so far as the parking lot I could not get rid of any of that, so far the Casino property is concerned I told him I wouldn't want to get rid of any of that or give away any of that, that it would ruin my parking lot. I told him I wouldn't sign it if it was going over my Casino property. I was relying on what Mr. Swain told me. I made that statement to him that I would not sign it if it included any of my Casino property * * * I signed what he had down there and he said it wouldn't bother my Casino property but for me to sign it and it would help him to get others to sign it. I would not have signed this purported contract, EXHIBIT 'B', if I had known at the time that it was to cover any part of my Casino property." This evidence, if found by a jury to be true, would invalidate the agreement as it might relate to the Casino property. *Nixon v. Nixon,* 260 N.C. 251, 132 S.E. 2d 590; *Mills v. Lynch,* 259 N.C. 359, 130 S.E. 2d 541; *Davis v. Davis,* 256 N.C. 468, 124 S.E. 2d 130; *Ward v. Heath,* 222 N.C. 470, 24 S.E. 2d 5.

"In all controversies at law respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and ought to remain sacred and inviolable." N. C. Constitution, Art. I, sec. 19. This is a constitutional guaranty of jury trial when the issue determinative of the rights of the litigants is: "Who owns the land, plaintiff or defendant?"

That issue does not arise when the state, or its agency, exercises the power of eminent domain. The phrase "eminent domain" by definition admits condemnor did not own, but took or appropriated the property of another for a public purpose. Webster, Third New International Dictionary; Cyclopedic Law Dictionary; 29 C.J.S. 776; 18 AM. JUR. 631;

G.S. 136-19; G.S. 136-103; *Power Co. v. King,* 259 N.C. 219, 130 S.E. 2d 318; *Redevelopment Comm. v. Hagins,* 258 N.C. 220, 128 S.E. 2d 391; *Williams v. Highway Comm.,* 252 N.C. 141, 113 S.E. 2d 263; *Hedrick v. Graham,* 245 N.C. 249, 96 S.E. 2d 129; *Jeffress v. Greenville,* 154 N.C. 490, 70 S.E. 919; *Railroad v. Davis,* 19 N.C. 451.

When respondent denied petitioner was entitled to compensation because it, not petitioner, was the owner of the property rights in controversy, respondent, in effect, converted what began as a condemnation proceeding into an action in ejectment or trespass to try title. On that issue petitioner was entitled to a jury trial. *Sparks v. Sparks,* 232 N.C. 492, 61 S.E. 2d 356; *Grantham v. Nunn,* 188 N.C. 239, 124 S.E. 309; *Comrs. v. George,* 182 N.C. 414, 109 S.E. 77; *Crews v. Crews,* 175 N.C. 168, 95 S.E. 149; *Wilson v. Featherstone,* 120 N.C. 446, 27 S.E. 124; *Worthy v. Shields,* 90 N.C. 192; *State v. Beasley,* 75 N.C. 211.

When the taking by the sovereign is conceded, questions preliminary to the determination of the amount to be paid are *questions* of fact to be determined by the court — not *issues* of fact which must be determined by a jury. This is the basis for the conclusion reached in *Kaperonis v. Highway Commission,* 260 N.C. 587, 133 S.E. 2d 464, holding G.S. 136-108 constitutional. The cases there cited and relied upon to uphold the constitutionality of the statute deal with questions incident to the right to take, or the manner of fixing compensation. An examination of those cases will show condemnor did not deny the taking because it was already the owner.

Only issues of fact must be submitted to a jury. The court determines questions of law. The parties in the *Kaperonis* case stipulated plaintiffs were the owners in fee of a described tract of land "subject to the legal effect of the following language appearing in Deed Book 1313, Page 1, in the Office of the Register of Deeds for Mecklenburg County, North Carolina, one of the deeds in Plaintiffs' chain of title * * * [course and distance description] and more particularly described and shown on blueprint of survey by T. J. Orr, Registered Surveyor, of the Property of T. Frank Estate dated March, 1948 which blueprint is made a part hereof * * * So much of said property as lies within the bounds of the right of way of Wilkinson Boulevard is subject thereto."

Plaintiffs asserted the right of way of Wilkinson Boulevard was 30 feet wide measured on each side from the center line. Defendant contended the width was 50 feet on each side of the center line. The parties did not controvert the location of Wilkinson Boulevard. What was its width? That was the only question. By stipulation of the parties, that width was fixed by the deeds under which plaintiffs asserted ownership. The deeds said look at the Orr map to find the width; that map said

50 feet. The stipulation eliminated any issue of fact, leaving only a question of law for the court. *Carney v. Edwards,* 256 N.C. 20, 122 S.E. 2d 786; *Jenkins v. Trantham,* 244 N.C. 422, 94 S.E. 2d 311; *Moore v. Whitley,* 234 N.C. 150, 66 S.E. 2d 785; cases cited 1 Strong, N. C. Index, p. 413, note 66.

For the reasons given, plaintiff is entitled to have a jury determine the truth of the facts on which he relies to nullify his contract so far as it relates to the disputed area.

Petitioner, conceding a written statement of his contentions would facilitate the formulation of the issues to be submitted to a jury, moved in this Court for permission to file a reply. That motion is allowed. He will file, in the Superior Court of Dare County, his reply within 30 days of the certification of this opinion to the Superior Court.

Neither allegations nor proof are sufficient to justify the expression of an opinion on the question of liability for damage caused by sand drifting on the Casino property. Did respondent with its own force construct the highway, or was the work done by an independent contractor? Did the sand drift on to petitioner's property because of the negligent manner in which the work was done, or as a result of the manner in which the work was necessarily done? Does petitioner seek damages for a tortious act, or compensation for a taking? See *Light Company v. Creasman,* 262 N.C. 390, 137 S.E. 2d 497; *Midgett v. Highway Commission,* 260 N.C. 241, 132 S.E. 2d 599; *Braswell v. Highway Commission,* 250 N.C. 508, 108 S.E. 2d 912.

Reversed and remanded for compliance with this opinion.