TOWN OF HERTFORD v. JESSE L. HARRIS AND WIFE, ELIZABETH CLARK HARRIS.

(Filed 24 February, 1965.)

1. Appeal and Error § 49—

Where there are no exceptions to the findings of fact, an appeal presents the question only whether the facts found support the judgment.

2. Eminent Domain § 7a—

Where a municipality must acquire land for a governmental purpose, the statute requires that it first negotiate with the owners for the purchase of the land before initiating condemnation proceedings, G.S. 160-204, G.S. 160-205, but unsuccessful negotiation with one owner is sufficient to meet the

requirement, and therefore where it is admitted that husband and wife owned the land, vain negotiation with the husband alone suffices, and the municipality is not required to ascertain the exact interests of the respective defendants in the *locus*.

**3. Same—**

While condemnor may not condemn an interest which it itself owns in realty, the allegation of the petition in this case that condemnor owned a perpetual lease in part of the property was immaterial, it appearing that condemnor did not intend to reduce the value of the fee simple estate it sought to acquire, and the proceeding being tried on the theory that the damages awarded should be ascertained on the basis that defendants were the owners in fee of the full title to the lands in question.

APPEAL by defendants from *Mallard, J.,* November 1964 Session of PERQUIMANS.

This is an appeal from an order directing the Clerk to appoint commissioners to value a tract of land containing 4.75 acres so that the Town of Hertford may acquire title for use as a sewerage disposal plant, and for other governmental purposes.

In April 1964, the Town Council adopted a resolution reciting the proposed construction of a sewerage disposal plant, the need of land for this purpose and for use by its Fire Department. The resolution directed the Town Attorney to offer defendants, owners of the land, $500 per acre for the area needed. The resolution directed the attorney to acquire title by condemnation, if the offer was not accepted.

In July 1964, Hertford filed its petition, praying that it be adjudged the owner of the described area, upon payment of the ascertained value. The petition alleged: Defendants owned the area, which was described by metes and bounds; the town needed it for the enumerated governmental purposes and "the parties cannot agree upon the purchase price; that the petitioner has made *bona fide,* but ineffectual efforts to acquire the said land from the owners."

Defendants answered. They alleged: The land which Hertford sought to condemn was part of a larger tract owned by them; the land was not needed for the purposes stated in the petition; nor had the petitioner made a *bona fide* effort to purchase.

The Clerk, on petitioner's motion for the appointment of commissioners, found that petitioner had failed, prior to the institution of the condemnation proceeding, to negotiate for the purchase. He dismissed the action. Petitioner appealed. Judge Mallard, hearing petitioner's appeal, found as a fact that petitioner did "prior to the institution of this proceeding for the condemnation of the lands described in this petition, through its duly authorized agent, negotiate in good faith with the respondent, Jesse L. Harris, for the purchase of the land belonging

to the respondents Jesse L. Harris and Elizabeth Clark Harris, as mentioned and described in the pleadings, and that said negotiation was in good faith and that said petitioner made a *bona fide* offer and that the respondent Jesse L. Harris stated that he would not sell, and the Court finds as a fact that the petitioner did not attempt to purchase from the respondent, Elizabeth Clark Harris, but that such would have been a vain thing." Based on this finding, the court remanded the cause to the Clerk with directions to appoint commissioners, as provided by law. Defendants excepted and appealed.

*Lake, Boyce & Lake for respondent appellants.*
*Charles E. Johnson and John H. Hall for petitioner appellee.*

RODMAN, J. The Legislature has authorized municipalities to acquire property for the purposes enumerated in the petition, G.S. 160-204. If unable to agree with the owner on the amount to be paid, the municipality may condemn, G.S. 160-205.

Here, the court has found as a fact that Hertford sought in good faith to acquire title by private negotiation. Defendants have not, by exceptions, challenged the findings. The findings are conclusive. The only question then is: Do the facts found warrant the order which the court made? *Schloss v. Jamison,* 258 N.C. 271, 128 S.E. 2d 590; *Goldsboro v. R. R.,* 246 N.C. 101, 97 S.E. 2d 486.

The evidence and the findings are that all of the negotiations had by the town were with the male defendant; none were had with the wife, *feme* defendant. The petition alleges, and the answer admits, defendants are the owners of the land. The character of ownership is not disclosed by the pleadings. Are they tenants by the entirety, as the brief of defendant suggests; are they co-tenants; or does the wife own some other right in the property, such as a contingent right of dower? The evidence does not show, and the court has made no finding. Our statute requires one vested with the power to take by eminent domain to first attempt to acquire from the owner by private negotiation. Such an allegation is jurisdictional. Brown J. said in *Durham v. Rigsbee,* 141 N.C. 128, 53 S.E. 531:

> "It is not essential that the particular language of the statute should be used. If the facts alleged plainly show that the petitioner has been unable to acquire title, and the reason why, that is a compliance with the statute. While this is a necessary allegation of this petition, it is not an *issuable* fact for the jury to determine. The judge was right in refusing to submit it to the jury. The statute requires such a statement, so that the court may see

whether the condemnor has made a reasonable effort to acquire title without resorting to the expense of condemnation proceedings and bringing a citizen into court."

Condemnor is not required, when several are asserting title to the lands to be acquired, to unravel the divergent interests and negotiate with each claimant. Any other rule would needlessly delay a governmental agency in work proposed for the protection of society. As said by Adams, J. in *Power Co. v. Moses*, 191 N.C. 744 (747), 133 S.E. 5: "Inability to acquire title of some of the owners makes it unnecessary to negotiate with the others."

The court correctly concluded that it was not necessary to go through the vain performance of making an offer to Mrs. Harris before instituting condemnation proceedings.

The assignments of error do not challenge the power of the court to appoint commissioners for the purpose of fixing the value of the property in an eminent domain proceeding when controversy exists between condemnor and condemnee as to which has title. The question is, however, raised in the brief. The challenge now directed to Judge Mallard's order arises because of an allegation in the petition that "there is .57 of an acre of land included in said description, that the Town of Hertford already has and owns, a permanent lease thereon." Defendants, in their answer, denied "that the petitioner now owns a permanent lease or any other interest in and to any part of the tract of land * * *."

If the question had to be decided merely upon the pleadings, it would present a serious problem. A governmental agency has no need or right to condemn property which it owns. *Power Co. v. King*, 259 N.C. 219, 130 S.E. 2d 318; *Wescott v. Highway Commission*, 262 N.C. 522, 138 S.E. 2d 133. Where controversy exists between condemnor and condemnee as to which has title, logic would seem to dictate that value should be ascertained only after these rights have been determined. When the dispute relating to title is between defendants, there is no reason to delay the appointment of commissioners. There, when value has been determined, the condemnor may pay the ascertained value into court and the disputed claims will then be transferred from the property to the fund.

Our examination of the record, and of the proceedings had, convinces us that petitioner, notwithstanding its allegations of a perpetual lease, did not intend thereby to reduce the value of the fee simple estate it sought to acquire. The fifth allegation of the petition reads: "That the title to said lands sought to be acquired by the petitioner is the complete, fee simple title thereto, subject nevertheless to the existing easement or right of way in favor of the Norfolk Southern

Railway Company and the existing easement of the Virginia Electric & Power Company, if any." This allegation seemingly negatives the contention that petitioner sought to acquire, or pay for, less than an unencumbered fee. This conclusion is fortified by recitals in Judge Mallard's order. He said petitioner and respondent agreed that the only question he was called upon to determine was whether there had been such negotiations between the parties as warranted the appointment of commissioners.

When the town sought to have the property valued, free of any claims which it could assert, the town could not, after the value had been fixed, claim any part of the award. *Power Co. v. King, supra.*

Our interpretation of petitioner's position was said, in the oral argument, to be correct.

The town has filed in this Court a written stipulation stating that "damages are to be awarded on the basis of the defendants being the owners in fee of the full title of the lands sought to be condemned and of the entire tract of which they are a part." That stipulation is now a part of the record on appeal.

Since there is no controversy between the town and the defendants with respect to title, the order remanding the cause to the Clerk for the appointment of commissioners is

Affirmed.