## 24871. McCOMMONS v. GREENE COUNTY.

Decided March 20, 1936. Rehearing denied March 31, 1936.

*Joseph P. Brown,* for plaintiff.
*Noel P. Park, J. G. Faust,* for defendant.

Stephens, J. Mrs. McCommons sued Greene County for damages to her land resulting from the construction of a highway along a part of the land. She alleged that the county had built a high embankment which acted as a dam preventing the drainage of surface water from the land and forming a basin or pond on the most

fertile part of the land which was rendered unfit for cultivation, etc.

The defendant denied the material allegations as to liability, and set up a special defense in that the plaintiff had made a deed to the highway board of a right of way, which deed contained a release in these terms: "And for the same consideration, I do further grant the right to all necessary drainage in the construction and maintenance of said road constructed over the said right of way and on my lands adjacent thereto, and also release said County and State Highway Board from any claim of damage arising on account of construction of said roads or fills and embankments, ditches or culverts or bridges, on account of back water, changing of courses of streams, or in any other manner."

The plaintiff tendered an amendment to her petition in which she alleged that the release set up by the defendant was not made known to her when she signed the deed nor before; that she had previously talked the matter over with the attorney of the grantee and the understanding between them was that she would convey a right of way over her land for a certain sum, but nothing was said about her releasing any claim for damage to the land caused by construction of the road; that the county attorney came to her home early in the morning and said he was in a hurry to get back to town and that he would read the deed to her, that he stood at the hall door and read that portion of the deed transferring the right of way, but did not read the release referred to in paragraph 2 of the defendant's answer; that she does not say the omission to read such condition was not from inadvertence and haste, but says it was not read or made known to her; that she did not find out about the release from damages until defendant's answer in this case was filed and after the portion of the highway touching her place had been completed; that the release "should not operate against her in this suit, as its so operating would result in a legal wrong against plaintiff for which she is in no sense blameable, and would amount to defendant's taking advantage of its own wrong without fault on her part," and that the defendant is estopped from setting up the plea. Other allegations in the amendment are unimportant. The court allowed the amendment subject to demurrer.

During the trial the defendant moved orally to strike the amend-

ment on the grounds that it did not set out any legal or actual fraud, and failed to set out facts sufficient to show such fraud, and that there was no offer to turn back the consideration which the defendant had paid. The court sustained this motion and the plaintiff excepted. Notwithstanding this striking of the plaintiff's amendment, considerable testimony was heard to the effect that the part of the deed providing for a release from damages was not read to the plaintiff. The plaintiff in reference to the execution of the deed testified that the attorney for the grantee came to see her early one morning and stated that he was in a hurry and wanted to get her to sign the deed, that he told her that he would read the deed to her, that in the living-room of her house where the windows or the shades were not up and the blinds were not open he read the deed to her, that she ascertained afterwards that he had failed to read the provision in the deed giving permission to get soil off the place and by which she released the grantee from any damage that might occur, that he paid her $50, that the attorney for the grantee had been her attorney since her husband's death and was very attentive and she admired him in every way, that he was considerate and told her he was working for the State and county and was not working against her and was looking out for her interests and so of course she felt sure he could, and she just signed the deed, that she did not know she was releasing her right to claim damages for any purpose whatever, that this provision of the deed was not read to her. The deed conveying to the highway board the right of way over the plaintiff's land and containing the release from damages above quoted was introduced in evidence. The court directed a verdict for the defendant. To the judgment overruling the plaintiff's motion for new trial the plaintiff excepts.

It does not appear from the evidence or the allegations in the plea that the plaintiff, who presumably was able to read, was laboring under any disability, or that there was any emergency which would dispense with the necessity of the plaintiff's reading the contract. Nor was there any fiduciary or confidential relationship existing between the plaintiff and the attorney for the grantee in the deed which would justify the plaintiff in relying on the attorney's alleged representations as to the contents of the deed. The mere fact that the plaintiff signed the deed in a room where the

shades were not up and the blinds were not open, where it does not appear that she could not have raised the shades or opened .the .blinds and let in sufficient light by which she could read the deed, is insufficient as an excuse for her not reading the deed and becoming acquainted with its contents before she signed it. The case falls within the rule laid down in *Sloddard Mfg. Co.* v. *Adams,* 122 *Ga.* 802 (50 S. E. 915), where it was held that "a plea is demurrable which alleges that the contract contained an item which the defendant did not order; that he signed the contract without reading it, relying on the statement of the plaintiff's agent, in whose veracity and honesty he had confidence on account of a long course of previous dealings, that the contract contained only the items agreed on; that he signed the contract at a time when he was busy." See *Harrison* v. *Lee,* 13 *Ga. App.* 346 (79 S. E. 211); *Parker* v. *Parrish,* 18 *Ga. App.* 258 (89 S. E. 381); *Weaver* v. *Roberson,* 134 *Ga.* 149 (67 S. E. 662); *Gunter* v. *Edmonds,* 149 *Ga.* 518 (101 S. E. 118); *Penn Mutual Life Ins. Co.* v. *Taggart,* 38 *Ga. App.* 509, 511 (144 S. E. 400). From an inspection of the following cases relied on by the plaintiff in error it will be found that they are clearly distinguishable. *Brooks* v. *Matthews,* 78 *Ga.* 739 (3 S. E. 627); *Chapman* v. *Atlanta Guano Co.,* 91 *Ga.* 821 (18 S. E. 41); *Wood* v. *Cincinnati Safe & Lock Co.,* 96 *Ga.* 120 (22 S. E. 909); *McBride & Co.* v. *Macon Telegraph Publishing Co.,* 102 *Ga.* 422 (2) (30 S. E. 999). The ruling in *Brooks* v. *Matthews,* supra, is seemingly disproved by the Supreme Court in *Sloddard* v. *Adams,* supra, where the Supreme Court states that it will not be extended beyond its peculiar facts. .

The grantor in a suit by her to recover damages from which she had released the defendant by the terms of the deed, could not repudiate the deed on the ground of the alleged fraud without having refunded or offered to refund the consideration which she had been paid for the execution of the deed.

The provision in the deed by which the plaintiff released the defendant and the State Highway Board "from any claim of damage arising on account of construction of said roads or fills and embankments, ditches or culverts or bridges, on account of back water, changing of courses of streams, or in any other manner," operated to release the defendant from any liability to the plaintiff for the damages sued for.

The court therefore did not err in striking the amendment to the petition and in afterwards directing a verdict for the defendant. *Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*