## Manning *et al. v.* Simmons *et al.*

Head, Justice. 1. No valid decree registering the title to lands can be entered without allegations and proof of good title in the applicant. *Rock Run Iron Co.* v. *Miller,* 156 *Ga.* 136 (118 S. E. 670); *Thomasson* v. *Coleman,* 176 *Ga.* 375 (167 S. E. 879).

2. The answer and cross-action of the movants clearly demonstrate that they have no record title to the lands claimed by them. The record shows that the lands were sold on application of Mary L. Martin (formerly Mary L. Manning), guardian of Rutha Mae Manning and P. W. Manning, and that the application and all subsequent proceedings were had in substantial compliance with the laws governing sales by guardians. No relief is sought as to the alleged fraudulent acts of W. H. Simmons by cancellation of the guardian's deed; and without the relief of cancellation, the movants can not prove any title to the land they seek to have registered.

3. Without proper parties, appropriate pleadings and prayers, even a court of equity can not grant the relief of cancellation. *Kehr* v. *Floyd & Co.,* 132 *Ga.* 626 (64 S. E. 673); *Taylor* v. *Colley,* 138 *Ga.* 41 (74 S. E. 694). Under the foregoing rules, no relief could be granted on the motion, cross-action, and intervention of Betty Jean Manning *et al.,* and the trial court did not err in sustaining the demurrer.

*Judgment affirmed. All the Justices concur.*

No. 17137. September 14, 1950.

*Kenneth L. Leake* and *S. Gus Jones,* for plaintiffs.

*James D. Shannon, Carlisle & Bootle,* and *Martin, Snow & Grant,* for defendants.