LINDER *v.* PONDER *et al.*

No. 18171. Submitted April 13, 1953—Decided May 12, 1953.

Eugene Cook, Attorney-General, Lamar Sizemore, Assistant Attorney-General and M. H. Blackshear Jr., for plaintiff in error.

Custer & Kirbo and Charles H. Kirbo, contra.

DUCKWORTH, Chief Justice. That the State of Georgia can not be sued without its consent is not an open question. *Roberts v. Barwick,* 187 *Ga.* 691 (1 S. E. 2d, 713). Therefore, despite extended debate of counsel on this subject, we dispose of it with the simple statement that no attempt is here made to sue the State. However, the relief sought against Tom Linder is to prevent him from dealing with land which the petition shows belongs to the State. This petitioners can not do. To obtain a judgment decreeing title to the land in question to be in Grady County because it allegedly paid the purchase price of $4000, when the copy of deed attached to the petition shows title in the State—the State as grantee and Mrs. Rushin as grantor would be essential and indispensable parties. *Kehr* v. *Floyd & Co.,* 132 *Ga.* 626 (64 S. E. 673); *Brown* v. *Wilcox,* 147 *Ga.* 546 (94 S. E. 993); *Lands Development Corp.* v. *Union Trust Co.,* 180 *Ga.* 785 (180 S. E. 836); *Manning* v. *Simmons,* 207 *Ga.* 304

(61 S. E. 2d, 150). Since the grantee, the State, is not a party to this action, no cancellation of the State's deed can be decreed, and, so long as that deed remains uncanceled, these petitioners have no right to prevent Tom Linder from using it in any manner he chooses in connection with the State's business which he as Commissioner of Agriculture is authorized by law to carry on.

Whether the county commissioners unlawfully expended county funds by furnishing the money with which the land involved was purchased is wholly irrelevant to all relief prayed against Tom Linder. If it be conceded that such expenditure was unlawful, and if it be further conceded that in a proper suit the deed to the State could be canceled, it would still be necessary to make the State a party to any suit seeking cancellation of the deed.

Stripped of all arguments of counsel, this action against Tom Linder seeks to prevent his using State-owned land for purposes which the law plainly authorizes. It must follow that no right of action against him is alleged, and the court erred in overruling his demurrer based upon this ground.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., not participating.*