38092. WHEELER *v.* JONES COUNTY *et al.*

DECIDED JANUARY 28, 1960—REHEARING DENIED
FEBRUARY 16, 1960.

*Bloch, Hall, Groover & Hawkins, J. Pierce Anderson,* for plaintiff in error.

*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Assistant Attorneys-General, George L. Jackson, Donald E. Payton,* contra.

TOWNSEND, Judge. 1. The deed from the plaintiff to the State Highway Department contained the following provision: "I do further grant the right to all necessary drainage in the construction and maintenance of said road constructed over the said right-of-way and on my lands adjacent thereto, and also release said county and State Highway Department from any claim of damage arising on account of construction of said roads or fills and embankments, ditches or culverts or bridges, on account of back water, changing of courses of streams, or in any other manner."

The first issue raised is the construction of the latter part of this sentence, the plaintiff contending that the phrase "on account of back water, changing of courses of streams, or in any other manner" modifies the immediately preceding phrase "on account of construction of said roads or fills and embankments, ditches or culverts or bridges" and the defendant contending that the two phrases are co-equal. "If the construction is doubtful; that which goes most strongly against the party executing the instrument, or undertaking the obligation, is generally to be preferred." Code § 20-704 (5). "But it is equally well settled that no construction is required or even permissible when the language employed by the parties in their contract is plain, unambiguous, and capable of only one reasonable interpretation. In such an instance, the language used must be afforded its litteral meaning and plain ordinary words given their usual significance." *Wolverine Ins. Co. v. Jack Jordan, Inc.*, 213 *Ga.* 299, 302 (99 S. E. 2d 95). The language of the above quoted provision of the deed is not doubtful or ambiguous, and it plainly constitutes a release by the grantor to the defendant and the State Highway Department for damages arising (1) on account of construction of roads, fills, etc., (2) on account of water backing up or changing its course, and (3) "in any other manner." The latter provision, of course, must be construed ejusdem generis with the first two, but it is not here involved. The grantor released the defendant from any claim of damage arising on account of the construction of the road or fill in question. The trial court in sustaining the general demurrer based his decision on *McCommons v. Greene County*, 53 *Ga. App.* 171 (184 S. E. 897) in which a deed with identical provisions had been executed, and the ponding of water following the road construction resulted in consequential damages to the grantor's land. The court there held: "The provisions of the deed which were pleaded as a defense to the suit for damages against the defendant by the grantor of the deed, released the defendant from any liability to the plaintiff for the damages sued for." The provisions of the deed likewise released the county from the damages sued for here and prevent a recovery by the plaintiff, although the injury suffered would otherwise have been compensable as a damaging

of private property for a public purpose without just and adequate compensation being first paid. *Felton Farm Co.* v. *Macon County*, 49 *Ga. App.* 239 (175 S. E. 29). The phrase "on account of" by definition means "by reason of; because of." Webster's New International Dictionary. If the damage was occasioned because of the construction of the road and fill, as it was, since the dirt piled for the fill eroded in December, 1957, prior to the completion of the project in August, 1958, the allegation that it was not done on account of the construction of the road or fill but as a result of the failure after construction to prevent the washing of fill dirt is a conclusion not sustainable under the facts pleaded.

The trial court did not err in dismissing the petition on general demurrer.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*