21226. STATE HIGHWAY DEPARTMENT *et al. v.* IVEY.

ARGUED MAY 8, 1961—DECIDED June 8, 1961—REHEARING DENIED JUNE 22, 1961.

*Eugene Cook, Attorney-General, Carter Goode, E. J. Summerour, Assistant Attorneys-General, Philip Benson Ham,* for plaintiffs in error.

*W. B. Mitchell,* contra.

ALMAND, Justice. The judgment under review is one overruling general and special demurrers of the defendants to a petition seeking legal and equitable relief.

The petition of G. A. Ivey, defendant in error, as finally amended, against Monroe County and the State Highway Department of Georgia, plaintiff in error, alleged that the defendants injured the petitioner in the sum of $35,000. The petition alleged that G. A. Ivey was the owner of a tract of land lying in the Forsyth District of Monroe County, Georgia; that the State Highway Department made a survey of a proposed right of way known as "POJ F1401-2(2) Monroe Co."; that Monroe County

was designated to acquire the rights of way along the land shown by the map of survey; that the petitioner was contacted by agents of Monroe County in an effort to purchase said right of way; that a representative indicated that the right of way would come to a certain point; that relying upon the representations as to where the boundary line would be located he went to the office of the Commissioners of Roads and Revenues of Monroe County and agreed to accept the sum of $8,200 for the purchase of said right of way and damages to his other property; that he executed a deed to the said right of way; that in the course of construction the State Highway Department in addition to encroachment on his property constructed a drainage ditch on the property of the petitioner; that the State Highway Department is attempting to erect and maintain a wire fence approximately 12 feet high across the western boundary which will enclose two houses of the petitioner; that because of the construction of the road 15 feet closer to said houses than petitioner thought was to be the location of the right of way the houses were damaged in an amount of $18,000; and that as a result of the erection of the fence and drainage ditch other property of the petitioner has been damaged in the amount of $17,000. The petitioner prayed for damages in the amount of $35,000, that the defendants be restrained from erecting and maintaining the fence, that the defendants be restrained from maintaining a drainage ditch on the property of the petitioner, and for further general relief. A copy of the deed and plat made to the State Highway Department was attached.

The defendants entered general and special demurrers. The trial court overruled the general demurrers and sustained three of the special demurrers. To the order overruling the general demurrers and the other special demurrers the plaintiff in error excepts and assigns it as error.

■ The allegations of the petition clearly show that the construction of the fence and drainage ditch for which damages are sought to be recovered was on the land deeded. In this deed, a copy being attached to the petition, the following provisions are found: ". . . I hereby convey and relinquish to the State Highway Department of Georgia all rights of access between the Limited Access Highway and approaches thereto on the

above numbered highway and all of the remaining real property of the undersigned except at such points as designated by the State Highway Department of Georgia. . . Also, the right to construct and maintain a drainage ditch within that area shown colored red on the attached plat." The petition alleges that the petitioner went to "the office of the Commissioners of Roads and Revenues of Monroe County and agreed to accept the sum of $8,200 for the purchase of said right of way and damages to his other property, the County of Monroe issuing their County Warrant No. 4236 for $8,200 in payment of said right of way and damages and petitioner executing a deed to said right of way. . ." The petition thus shows that the petitioner has had full compensation for damages resulting from the construction of the drainage ditch and the erection of a fence across the western boundary, and has released the defendant Highway Department for damages to his other property by reason of construction work on the land conveyed to the Highway Department. The warrant for $8,200 was full payment of all obligations due the petitioner in connection with this project, and said warrant released the defendants from all damages the petitioner now seeks to recover. *Wheeler v. Jones County*, 101 Ga. App. 234 (113 SE2d 238), certiorari denied, April 7, 1960, case No. 20862; *McCommons v. Greene County*, 53 Ga. App. 171 (184 SE 897).

█ We now move on to the injunctive aspect of the case. The prayers for injunctive relief are based solely upon the right of the plaintiff to recover damages against the defendants. Since we ruled above that no cause of action for damages was alleged, it follows that the plaintiff is not entitled to any relief by way of injunction against the defendants.

It was error to overrule the general demurrers of the defendants.

*Judgment reversed. All the Justices concur.*