## 22092. WHITE COUNTY v. WOOTEN.

Argued July 8, 1963—Decided September 5, 1963.

*Eugene Cook, Attorney General, Carter Goode, E. J. Summerour, Assistant Attorneys General, Thomas F. Underwood, Telford, Wayne & Greer,* for plaintiff in error.

*Fred H. Craven,* contra.

ALMAND, Justice. On July 26, 1960, J. F. Wooten, defendant in error (plaintiff in the trial court and referred to as such hereinafter), granted by warranty deeds two tracts of land in White County to the State Highway Department to make a right of way for a highway which has since been completed. The deeds, which were recorded, recite as consideration one dollar and "the benefit to my property by the construction or maintenance of said road." Both deeds contain the following provision: "And for the same consideration, I do further grant the right to all necessary drainage in the construction and maintenance of said road constructed over said right of way and on my lands ad-

jacent thereto, and also release said county and State Highway Department from any claims or damages arising on account of said roads or fills or embankments, ditches or culverts or bridges, on account of back water, changing of courses of streams, or in any other manner."

On January 8, 1963, the plaintiff filed a petition in the Superior Court of White County against White County, plaintiff in error (defendant in the trial court and referred to as such hereinafter), alleging in substance that improper construction of the highway resulted in damage to him because the level of the highway is now 10 to 16 feet above that of his adjoining property and because rainwater is caused to flow down upon his property bringing mud and other debris into his house and poultry buildings so that he is prevented from the quiet and peaceful enjoyment of his property which is thereby depreciated in value. The petition prayed for a judgment in the amount of $15,000.

White County filed a plea in abatement, and general and special demurrers. The plea in abatement was sustained on the ground that the plaintiff had failed to provide for service of notice of pendency of the suit against the county upon the State Highway Department as required by Ga. L. 1957, p. 594 (*Code Ann.* § 95-1710). The general demurrer and the special demurrer, which was based on the ground that the deeds were not attached to the petition, were sustained and the plaintiff was allowed 15 days in which to amend. The plaintiff amended so as to comply with the provision for service of notice on the State Highway Department and the defendant renewed his previous demurrers and demurred generally to the petition as amended. The judge sustained the general demurrers and allowed the plaintiff 15 days in which to amend. The plaintiff proceeded to do so by attaching copies of the deeds, striking paragraphs 8 and 15 of the original petition, and substituting therefor the following allegations: "8. That the plaintiff is now seeking equity by paying into the court the sums of money named in the above-named deeds as consideration for the lands so described therein. That *if* the Highway Department of Georgia had on file a specification which showed that the con-

struction of the said road would be at a level of from ten to sixteen feet above the original road level and that the culverts as are now placed in the construction would be too small to carry the normal amount of rainfall, *it did not disclose it* to the owner of the land so named or to the County Commissioner of White County at the time of procurement. That it was by an honest mistake, unmixed with negligence, that the damages now complained of resulted and by no concealment on the part of said Commissioner unmixed with negligence or fault of the plaintiff. That the sums which the plaintiff now deposit [sic] with the court were accepted by the plaintiff before he learned that the high fill now complained of would be constructed and that it was through this mistake that the plaintiff has been damaged and that only a court of equity can relieve this unjust injury. That the sums so mentioned do not represent the fair and just value of the lands so embraced. That the County Commissioner who procured the said lands for the Highway use together with one Thomas W. Webb for the State, agreed that *if* a paved road at grade level would be constructed on the right of way that it would enhance the value of plaintiff's property and thereby compensate him over and above the amount of money actually paid to plaintiff for his lands. *That plaintiff did believe* as said Commissioner represented *his belief* as to the character of the construction intended . . . 15. That he is damaged in the amount of $15,000 since his property was reasonably worth $40,000 before said highway was constructed and that it is now valued at $25,000." (Emphasis supplied). The amendment included the prayer "That the deeds shown by copies hereto attached be set aside, canceled and declared void as if no such instrument had ever been executed. And that he be given such other relief as the court deems meet and proper in these premises and a proper award be given the plaintiff."

The defendant renewed his demurrers and demurred generally to the petition as amended. Subsequently the plaintiff amended by adding the allegation "That the said County Commissioner of White County, Georgia, Lee Palmer, and the plaintiff, J. F. Wooten, were laboring under a mutual mistake of facts at the time of the procurement of the deeds named and described in

the plaintiff's petition as amended." The defendant filed renewed and additional demurrers which the judge overruled. The defendant excepted and assigns the court's order as error, as being contrary to law and the principles of equity, and says that the court erred in not sustaining his renewed and additional demurrers.

In order for this court to reverse the ruling of the trial court it will be necessary to find: (1) that the petition does not set forth facts which, if proved, would authorize cancellation of the deeds by a court of equity; and (2) that the petition does not set forth facts which, if proved, would allow the awarding of damages to the plaintiff.

■ The ground upon which the plaintiff attempts to invoke the jurisdiction of equity to decree the cancellation of the deeds is that at the time of their execution both parties were laboring under a mutual mistake of fact regarding a matter material to the transaction. This court has said that an equity court cannot grant cancellation of a deed without the proper parties and appropriate pleadings and prayers. *Manning v. Simmons,* 207 Ga. 304 (3) (61 SE2d 150). According to *Code* § 37-202 the power of equity to relieve from mistake "shall be exercised with caution, and to justify it the evidence shall be clear, unequivocal, and decisive as to the mistake." The stringency of the requirements for such relief is further illustrated by the statement "If mistake is relied on, it must be distinctly charged and stated with precision, the particular mistake being shown and how it occurred." *Frank & Co. v. Nathan,* 159 Ga. 202, 208 (125 SE 66). It is a familiar rule and one often stated by this court that "The allegations of a pleading are to be construed most strongly against the pleader when attacked by demurrer." *Lee v. City of Atlanta,* 197 Ga. 518, 520 (29 SE2d 774).

Bearing in mind the above principles, we are of the opinion that the plaintiff's petition fails to aver facts upon which the right to relief for cancellation of an instrument for mutual mistake is predicated. Essential allegations will be neither implied nor presumed, but must be distinctly averred. *Florida State Hospital v. Durham Iron Co.,* 194 Ga. 350, 355 (21 SE2d 216); *Ewing v. Paulk,* 208 Ga. 722 (1) (69 SE2d 268). "General and

loose allegations, consisting merely of the statement of conclusions, without averring the facts upon which the conclusions are based, are too indefinite to raise an issue." *Jones v. Ezell,* 134 Ga. 553 (5) (68 SE 303). The plaintiff's petition contains only a bare allegation of mutual mistake. The only support for this conclusion is the averment "that the County Commissioner who procured the said lands for the Highway use together with one Thomas W. Webb for the State, agreed that *if* a paved road at the grade level would be constructed on the right of way that it would enhance the value of the plaintiff's property and thereby compensate him over and above the amount of money actually paid to plaintiff for his lands" (emphasis added) and "that plaintiff did believe as said Commissioner represented his belief as to the character of the construction intended." Thus the most that the plaintiff has alleged is that the value of his property would have been increased if the road had been constructed at grade level and that the commissioner concurred in that opinion. But there is no allegation that the commissioner represented to him that the road would in fact be constructed at grade level. There is therefore neither distinct charge and precise statement of a particular mistake nor a showing as to how it occurred.

The absence of any averment that the commissioner represented that the road would in reality be constructed at grade level is the very point at which the plaintiff's allegations are distinguished from those of the plaintiffs in *Whipple v. County of Houston,* 214 Ga. 532 (105 SE2d 898), a case upon which the plaintiff heavily relies. The petition of the plaintiffs in that case alleged that the county commissioners represented to the landowners in the presence of the State Highway engineer who drew the specifications for the road that it would be constructed at ground level, and the engineer did not dissent, and that the plaintiff landowners had been repeatedly advised by the county commissioners and the county attorney that the road would be at grade level. The court found that a case of either mutual mistake or mistake due to the opposite party was shown in the petition. The allegations in the instant case do not begin to approach the distinct, precise and specific allegations set out in the *Whipple* petition.

We are of the opinion that the plaintiff's petition fails to aver facts which, if proved, would authorize cancellation of the deeds by a court of equity.

■ We turn now to a consideration of whether the petition sets forth facts which, if proved, would support the awarding of damages. The petition being insufficient to show a right to cancellation of the deeds, we come face to face with the release provision in the two deeds: "And for the same consideration, I do further grant the right to all necessary drainage in the construction and maintenance of said road constructed over said right of way and on my lands adjacent thereto, and also release said county and State Highway Department from any claims or damages arising on account of said roads or fills or embankments, ditches or culverts or bridges, on account of back water, changing of courses of streams, or in any other manner." The allegations of the petition clearly show that the construction complained of which is the cause of the conditions for which damages are sought is on the land granted by the deeds. Yet it is precisely this construction and such conditions growing out of such construction which are the subject of the release provision. Therefore, the provision operates to release the defendant from any liability to the plaintiff for the damages sought. See *McCommons v. Greene County*, 53 Ga. App. 171 (184 SE 897), and *Wheeler v. Jones County*, 101 Ga. App. 234 (113 SE2d 238), for a consideration of the effect of an identical provision. See also *State Hwy. Dept. v. Ivey*, 217 Ga. 37 (120 SE2d 618).

The plaintiff's reliance on *Tift County v. Goodman*, 105 Ga. App. 229 (124 SE2d 290), is in vain because the deed granting the right of way in that case did not contain express agreements relieving the Highway Department of responsibility for consequential damage.

The petition fails to set forth facts which, if proved, would support the awarding of damages.

It was error to overrule the general demurrers of the defendant.

*Judgment reversed. All the Justices concur.*