LARSEN et ux, Appellants v. STATE, Respondent

(238 N.W.2d 684)

(File No. 11641. Opinion filed February 13, 1976)

John J. Simpson, Winner, for plaintiffs and appellants.

William J. Janklow, Atty. Gen., Carl W. Quist and Gary F. Colwill, Asst. Attys. Gen., Pierre, for defendant and respondent.

DOYLE, Justice.

This is an appeal from a summary judgment granted to the defendant, State of South Dakota, in an inverse condemnation action by plaintiffs to recover damages for closing of an access alley to U.S. Highway 18.

On January 23, 1969, the State of South Dakota and Fred and Celia Larsen entered into a Right of Way Agreement whereby the plaintiffs transferred Lot H-1 in Lots 1, 2, 3, 4, 5, 6 and 7 of the Lueken Addition, City of Winner, to the State of South Dakota as highway right of way. As compensation, the Agreement provided for payment of $250.00, the construction of two approaches from the highway to the Larsen property, the construction of a six-inch sleeve under the highway to the Larsen property and the transfer to the Larsens of Lot 1 of Lot N of Tract L in the SW¼ of Section 21, Township 99 North, Range 76 West. This lot was at the time owned by the State of South Dakota. This compensation as stated in the Agreement was for "land conveyed and damages." Both parties fully performed in accordance with the

convenants set forth in the Agreement. The right of way was necessary for construction of highway projects F 008-1(1) on State Highway 44 and F 010-5(5) on U.S. Highway 18 at their intersection in the City of Winner. As a part of these projects, an alley located between Lot 1 of the Lueken Addition and said Lot 1 of Lot N was closed.

On July 27, 1973, the plaintiffs filed an action in inverse condemnation in the amount of $40,000, alleging the closing of the alley impaired access to their property. No action was taken by the plaintiffs to rescind the Right of Way Agreement executed by the parties and no offer of restitution of the transferred Lot 1 of Lot N was made.

The main issue in this case is whether or not the Right of Way Agreement entered into between the plaintiffs and defendant established compensation for any damage suffered by the plaintiffs as a result of the highway construction. The plaintiffs contend that the closing of the alley constituted a separate taking from their property not connected with the highway construction and therefore they should be compensated for this alleged taking beyond the compensation they received in the original Right of Way Agreement.

The parties to the present action entered into a legally binding contract when they signed the Right of Way Agreement on January 23, 1969. The contract was properly executed and was one that the State Highway Commission was authorized by law to enter into (SDCL 31-19-1 and 31-19-46). As is stated in 17 Am.Jur.2d, Contracts, § 21:

"Parties who have reduced their agreement to writing in plain, unequivocal terms or in terms susceptible of interpretation and construction under recognized rules of law are bound by the meaning of the contract which is reached by a proper interpretation."

The question concerning the effect of a contractual conveyance to an agency having the power of eminent domain has been answered in other jurisdictions. As stated in Hamilton v.

City of Bismarck, 71 N.D. 321, 300 N.W. 631:

> " 'The conveyance of land for a public purpose will or-
> dinarily vest in the grantee the same rights as though
> the land had been acquired by condemnation. The con-
> veyance will be held to be a release of all damages which
> would be presumed to be included in the award of
> damages if the property had been condemned.'
>
> " * * * All damages that arose from the exercise of
> the city's power of eminent domain or its equivalent ac-
> quisition of rights under the contract were satisfied by
> that contract."

See also Busby v. State, 1966, 101 Ariz. 388, 420 P.2d 173; Wescott
v. State Highway Commission, 1964, 262 N.C. 522, 138 S.E.2d 133;
State Highway Department of Georgia v. Ivey, 1961, 217 Ga. 37,
120 S.E.2d 618.

The circuit court found that the language of the Agreement
clearly encompassed payment for all damages caused as a result
of highway projects F 008-1(1) and F 010-5(5), including any
damage for the closing of the alley in question. Thus, in accord-
ance with SDCL 15-6-56(c) there was no genuine issue as to any
material fact.

In their brief the plaintiffs contend that the question of
whether or not the closing of the alley was within the contempla-
tion of the Right of Way Agreement is disputed and thus the mo-
tion for summary judgment should not have been granted.
Granted, this fact is disputed; however, it is immaterial in the in-
verse condemnation action. It might be a material fact in an ac-
tion seeking rescission of the Right of Way Agreement. Rather,
the plaintiffs are seeking to obtain damages while retaining the
benefits of the Agreement. This is not proper under South
Dakota law since, while the Right of Way Agreement stands, it
constitutes on its face a complete settlement of the question. To
proceed further, the plaintiffs must first try to rescind the Agree-
ment (SDCL 53-11-1 through 53-11-5).

▮The plaintiffs contend that the closing of the alley was not specifically mentioned in the Right of Way Agreement and thus was not covered. The Agreement does not attempt to point out each item of damage individually nor does it specifically detail all items of construction. What the Agreement does do is set forth the compensation to which the plaintiffs were entitled, which, under South Dakota law, is the difference between the fair market value of the property before the acquisition minus the fair market value of the remainder property after the acquisition. City of Bristol v. Horter, 1950, 73 S.D. 398, 43 N.W.2d 543; State Highway Commission v. Hayes Estate, 1966, 82 S.D. 27, 140 N.W.2d 680; Basin Electric Power Cooperative, Inc. v. Cutler, 1974, 88 S.D. 214, 217 N.W.2d 798. No breakdown of individual items of damage is attempted or necessary in the Right of Way Agreement. The construction plans referred to in the Right of Way Agreement show a curb line extending across the mouth of the alley in question, thus closing its entrance onto the highway. The plaintiffs had notice of this condition by an examination of this plan when they executed the Agreement.

▮Further, plaintiffs claim damages due to alleged impairment of access. It is true that if a landowner's access to his property has been materially impaired, he has suffered compensable damage " 'if the consequential injury is peculiar to the owner's land and not of a kind suffered by the public as a whole.' " Hurley v. State, 1966, 82 S.D. 156, 143 N.W.2d 722. The Hurley case further held that where there is no physical encroachment on a landowner's property, impairment of access may constitute a taking in a constitutional sense if it substantially affects the market value of the property.

▮In the present case there was a physical appropriation from the property in question. As a part of the highway project for which the right of way was acquired, an alley adjacent to plaintiffs' property was closed. As payment for the right of way acquired, the landowners were entitled to the difference between the fair market value of the remainder property after the acquisition. This figure was arrived at by an agreement between the parties without action in court. If the closing of the alley constituted impairment of access and if this impairment of access af-

fected the fair market value of the remainder property after the acquisition, it was covered by the provisions of the Right of Way Agreement.

In this action plaintiffs are attempting to maintain an independent action for a separate item of damage. This is not proper under South Dakota law, for as was stated in State Highway Commission v. Hayes Estate, supra:

> "'Any elements of detriment * * * which were appreciable and substantial in nature and had a reasonable tendency to lessen the market value of the land could be taken into consideration. These items of injury are not to be allowed as separate items of damage, but are only to be considered in determining the reduction in value of the remaining tract.'"

██ It is also contended by plaintiffs that by closing the alley in question, allegedly without the city's consent, the defendant has violated SDCL 31-32-2.* This statute provides for damages in tort, and the plaintiffs have not complied with proper procedures for suing the State of South Dakota nor is the statute applicable to the present case.

██ The plaintiffs have placed great emphasis on the paragraph in the Resolution and Agreement between the City of Winner and the State of South Dakota, which provided that the City of Winner

> "* * * will save harmless the Commission from any claim or (of) damage made against it for consequential damage arising from and out of the construction of such work undertaken by it whether the claim arises from and out of changing the grade of streets, causing loss or inconvenience to the property or business of surrounding property owners, or from any cause or causes whatsoever."

---

* Repealed by Ch. 242, S.L. 1974.

The City of Winner did not accept this provision of the Resolution and Agreement, and the State of South Dakota has subsequently accepted liability for such proper claims as have been filed; consequently, this provision is not applicable to the present case.

It is our opinion that the alley in question was closed pursuant to the highway construction project, and the Right of Way Agreement executed by the parties on January 23, 1969, settled all claims for taking and damage to the Larsen property.

Plaintiffs cite and rely on two cases in support of their position, Thom v. State, 1965, 376 Mich. 608, 138 N.W.2d 322, and Cranley v. Boyd County, 1936, 266 Ky. 569, 99 S.W.2d 737.

Both cases are factually distinguishable. In Thom a highway was altered many years after the original taking, while Cranley was, in pertinent part, reversed by Department of Highways v. Jackson, 1957, Ky., 302 S.W.2d 373.

The summary judgment in favor of the State of South Dakota is properly granted.

Affirmed.

DUNN, C. J., and WINANS, J., concur.

WOLLMAN and COLER, JJ., dissent.

WOLLMAN, Justice (dissenting).

I would hold that there is a genuine issue of fact to be resolved, i.e., whether plaintiffs were aware at the time they signed the Right of Way Agreement that the alley would be closed by the construction project. The plans and specifications are not so crystal clear that it can be said as a matter of law that plaintiffs had notice of the fact that the alley was to be closed at the time they executed the Right of Way Agreement.

COLER, Justice (dissenting).

I agree with Justice Wollman that there is a genuine issue of fact. While affidavits on the part of the State Highway Commission claim notice and knowledge on the part of appellants, appellants' affidavit directly controverts that claim:

"Summary judgment is an extreme remedy and should be awarded only when the truth is clear and reasonable doubts touching the existence of a genuine issue as to material fact should be resolved against the movant." Wilson v. Great Northern Ry. Co. v. Christopherson, 1968, 83 S.D. 207, 157 N.W.2d 19; SDCL 15-6-56(a).

The agreement relied upon does not set forth curb cuts that will be made for appellants' benefit but makes no mention of the closing of the alley where it ends at the highway to be constructed to appellants' detriment. I see nothing in the affidavits or in the pleadings which establishes that appellants had even seen the drawing of the Department of Transportation and I believe that it is a jury question as to whether a person of common understanding, who, even if he had seen the drawing, would comprehend the ascribed meaning that the curb line drawn indicates the closing of a street or alley. I feel that the closing of the street is something akin to the change of grade which would be a taking not contemplated and for which damages would be due above and beyond any settlement between the parties.