62903. LEVINE et al. v. PEACHTREE-TWIN TOWERS
COMPANY et al.

CARLEY, Judge.

Appellant-tenants entered into an original commercial lease agreement with appellee-landlords for a five-year term. Prior to the expiration of the term, appellants elected not to renew the lease of the original premises but to rent different space in the same building. Appellees' leasing agent showed appellants several potential sites in the building to which their business offices might relocate. On appellant Levine's initial visit to the new premises which were subsequently leased on the sixteenth floor of appellees' building, he inquired about a locked door which opened onto the public hallway of that floor. Appellees' leasing agent replied that a "storage room" lay behind that locked door. Appellants made several visits to the sixteenth floor during the course of negotiating the new lease and prior to relocating their business. The written lease of the new premises contained the following provisions: "SERVICES . . . Landlord . . . will furnish elevator service . . . Landlord shall not be liable for any damages directly or indirectly resulting from the installation, use, or interruption of use of any equipment in connection with the furnishing of services referred to in this paragraph . . . ENTIRE AGREEMENT . . . This lease contains the entire agreement of the parties and no representation or agreements, oral or otherwise, between the parties not embodied herein shall be of any force or effect.. . ."

After moving into their new premises, appellants discovered that the locked door off the sixteenth floor hallway in fact led not to a storage room but to the elevator control room. Appellant Levine's new office and the elevator control room shared a common wall and noises from the latter were audible in the former, resulting in an environment in the office which was "very distracting and quite unpleasant." Appellees were contacted about the situation and gave appellants the option of relocating their offices to other premises in the building. Appellants rejected that option, elected to retain the premises on the sixteenth floor and demanded that the noise condition be remedied. Apparently, appellees began to take steps toward correcting the situation. When these efforts proved unsatisfactory to appellants, they instituted the instant action against appellees. The allegations of the complaint asserted that

appellants had been fraudulently induced into entering the lease by appellees' leasing agent and that the maintenance of the elevator control room was a nuisance. At the close of appellants' evidence the trial court directed a verdict for appellees. It is from this order that the appellants appeal.

1. Insofar as appellants rely upon the theory that the pre-lease statement of appellees' leasing agent that the locked door led to a "storage room" was an actionable misrepresentation of fact which induced the subsequent agreement, it was not error to direct a verdict for appellees. Even assuming that the evidence would otherwise authorize a finding of fact that the agent's statement was an actionable misrepresentation, it is clear that, under the terms of the "ENTIRE AGREEMENT" provision of the subsequently executed lease agreement quoted above, appellants are "precluded from setting up fraud in procuring the contract through such misrepresentations." *Alpha Kappa Psi Bldg. Corp. v. Kennedy,* 90 Ga. App. 587 (83 SE2d 580) (1954). See also *Willis v. Brooks & Thomas Motor Co.,* 101 Ga. App. 248 (113 SE2d 403) (1960); *Skene v. Jones,* 111 Ga. App. 615 (142 SE2d 412) (1965). Appellants failed to "prove any fraud as a result of which [they] signed the contract without knowledge of its contents, and there being no material misrepresentations in the instrument itself, when [they] signed the instrument [they] expressly waived [their] right to seek damages on account of any prior oral misrepresentations by the [appellees]. [They are] precluded by [their] solemn agreement from showing the fourth essential element of an action for fraudulent misrepresentations, to wit, that [they] relied on the alleged misrepresentations." *Holbrook v. Capital Auto. Co.,* 111 Ga. App. 601, 604 (142 SE2d 288) (1965). See also *Cristal v. Harmon,* 137 Ga. App. 153 (223 SE2d 210) (1976).

Likewise, to the extent that appellants rely upon the appellees' "concealment" of both the existence of the neighboring elevator control room and the resultant noise in the leased premises, it was not error to grant appellees a directed verdict. "Mere concealment of such a fact, unless done in such a manner as to deceive and mislead, will not support an action. In all cases of deceit, knowledge of the falsehood constitutes an essential element." Code Ann. § 105-302. There is absolutely no evidence that appellees actively "concealed" the existence of the elevator control room or the fact that its existence resulted in a noisy condition in the adjoining premises. See *Lively v. Garnick,* 160 Ga. App. 591 (1981); *Jackson v. Smith,* 94 Ga. App. 697 (96 SE2d 193) (1956). Indeed, the evidence demonstrates that appellants were not prevented from investigating the premises prior to executing the lease and did in fact do so. There is no evidence that

the "defect" in the leased premises was, as the result of appellees' actions, not as discoverable prior to the execution of the contract as it was subsequent thereto. Compare *Southern v. Floyd,* 89 Ga. App. 602 (80 SE2d 490) (1954). Nor is there any evidence that appellees "knew" that the premises would subsequently prove defective for the purposes to which appellants intended to put it. See *Windjammer Associates v. Hodge,* 246 Ga. 85 (269 SE2d 1) (1980). Moreover, by subsequently executing the lease containing the above quoted language, appellants are "conclusively presumed to have relied on [their] own investigation before executing the contract." *Alpha Kappa Psi Bldg. Corp.,* 90 Ga. App. 587, supra. There being no evidence which would authorize a finding that appellees knowingly and in a manner intended to deceive and mislead appellants concealed a defect in the leased premises so as to prevent appellants from exercising their own judgment in the matter, it was not error to direct a verdict in favor of appellees. See *Lively,* 160 Ga. App. 591, supra; *Jackson,* 94 Ga. App. 697, supra. Compare *Southern,* 89 Ga. App. 602, supra.

2. With regard to appellants' theory of recovery predicated upon the law of nuisance, appellee asserts and the trial court agreed, that appellants are barred by the language of the lease to the effect that "[l]andlord shall not be liable for any damages *directly or indirectly* resulting from the installation, [or] use . . . of any equipment in connection with the furnishing of [elevator] services . . . ." (Emphasis supplied.) It is clear that clauses in residential and commercial leases purporting to exculpate landlords from liability to tenants for the result of the landlord's own negligence, defective construction or failure to repair are void. *Country Club Apts. v. Scott,* 246 Ga. 443 (270 SE2d 841) (1980); *Burson v. Copeland,* 160 Ga. App. 481 (1981). However, appellants' nuisance claim in the instant case is not predicated upon nor supported by evidence of appellees' negligence, defective construction or failure to repair. The claim is premised upon appellees' mere maintenance and use of elevator equipment on premises adjoining that rented by appellants. We know of no reason why the language of the lease quoted above would not, under the facts of this case, be a bar to appellants' recovery in nuisance for damages "directly or indirectly resulting from the installation, [or] use of any equipment in connection with the furnishing of [elevator] services. . . ." See generally *White County v. Wooten,* 219 Ga. 236, 241 (2) (132 SE2d 653) (1963); *Wheeler v. Jones County,* 101 Ga. App. 234 (113 SE2d 238) (1963). Accordingly we find no error in the grant of a directed verdict in favor of appellees on this theory of recovery.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 27, 1982.

*Irwin M. Levine,* for appellants.
*J. Bruce Welch, Henry R. Bauer, Jr., Gerald B. Kline, Joseph R. Cullens,* for appellees.