## 66039. McGUIRE v. WINKLER.

SHULMAN, Chief Judge.

This action was instituted by appellee to recover $2,200 from appellant as the balance due under a contract for the sale of certain welding equipment. Appellant had previously paid $4,500 on the contract, which is a simple contract of sale and a security agreement provided that it "constitutes the full and complete agreement between the parties hereto." Appellant answered the complaint and set up the defense of fraud in the inducement by alleging that appellant entered into the sales contract on the promise by appellee that he was going out of business and would sell his business to appellant. Appellant also counterclaimed, alleging that appellee breached "the contract" by refusing to surrender his business to appellant. "The contract" was defined in the counterclaim as "a contract whereby [appellee] was to sell to [appellant] certain equipment together with his entire business [and] 'good will.' "

On the basis of the parol evidence rule, appellee moved prior to trial to exclude any evidence concerning fraud in the inducement. Appellee also moved at the beginning of trial for judgment on the pleadings. The trial court granted both motions and appellant timely appealed both aspects of the court's judgment.

1. The issue as to appellant's fraud defense is controlled by this court's recent holding in *Spires v. Relco,* 165 Ga. App. 4 (2) (299 SE2d 58). See also *Levine v. Peachtree-Twin Towers Co.,* 161 Ga. App. 103, 104 (289 SE2d 306); *Charter Medical Mgt. Co. v. Ware Manor,* 159 Ga. App. 378, 384 (283 SE2d 330); and *Alpha &c. Bldg. Corp. v. Kennedy,* 90 Ga. App. 587, 591 (83 SE2d 580). These cases establish the rule that a party cannot allege fraud in the inducement to avoid a written agreement containing a "merger" or "entire agreement" clause. But see *City Dodge, Inc. v. Gardner,* 232 Ga. 766 (208 SE2d 794), wherein the Supreme Court held that a merger clause did not prevent a tort action for fraud or misrepresentation after rescission of the contract. Unlike *City Dodge,* in the present case appellant merely attempts in its answer to defend the contract claim by alleging an

antecedent oral agreement as inducement to enter the contract. There are no allegations that appellant has rescinded the agreement or that he was prevented by the alleged fraud from knowing the contents of the agreement when he signed it. Consequently, he has not established the defense of fraud in the inducement, and the trial court did not err in granting appellee's motion to exclude evidence of fraud.

2. Appellant asserts that he should have been permitted to present evidence of the alleged oral agreement to support his defenses of failure of consideration and collateral agreement. However, the pre-trial order specified that the only issues in the case were appellant's affirmative defenses of fraud, breach of contract, and breach of warranty, all of which were based upon appellee's alleged oral promise to convey his business in addition to his equipment. The order contained no failure of consideration or collateral agreement defense or claim. "The [pre-trial] order, when entered, controls the subsequent course of the action unless modified at the trial to prevent manifest injustice." OCGA § 9-11-16 (b) (Code Ann. § 81A-116); *Ricketson v. Fox,* 247 Ga. 162, 163 (274 SE2d 556). Thus, at the time appellee moved for judgment in his favor, the defenses of failure of consideration and collateral agreement were not in the case.

3. The pre-trial order specified that the parties stipulated execution of the written agreement, delivery of the scheduled equipment, and nonpayment by appellant of $2,200 of the consideration stated in the agreement. On the basis of the status of the pleadings at the entry of the pre-trial order, appellee was entitled to judgment. Consequently, the trial court did not err in entering judgment in favor of appellee on the main claim.

4. Although the judgment of the trial court does not indicate that any decision was rendered on the counterclaim, appellee is entitled to judgment on that claim for the same reasons entitling him to judgment on the main claim. Accordingly, the case is remanded for entry of judgment in favor of appellee on the counterclaim.

*Judgment affirmed and case remanded with direction. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JUNE 23, 1983.

*Charles W. Smith, Jr.,* for appellant.
*Douglas E. Smith, Alfred L. Allgood,* for appellee.